CROSSLAND *v.* STATE.

Opinion delivered February 3, 1906.

1. FORGERY—INDICTMENT SHOULD SET FORTH TENOR OF INSTRUMENT.—The general rule is that an indictment for forgery of a bank check should set forth the instrument according to its tenor, and should purport to do so, and it will not suffice to set it forth accurately in fact if it does not purport to set forth its tenor; but if the instrument is

lost or destroyed, or is in the possession of the accused, or is other-wise inaccessible to the pleader, the substance will suffice. (Page 542.)

2.  SAME—FORMER JEOPARDY.—One who has been convicted of the lar-ceny of a check cannot plead such conviction as a bar to a subse-quent prosecution for forgery of the same check. (Page 543.)

3.  WHETHER NECESSARY TO SET OUT INDORSEMENT ON CHECK.—An indorsement on a check does not constitute in law a part of the check, and need not be set out in an indictment for forgery of such check; but, if the indictment is for the forgery of the indorsement, it should be set out, accompanied with such averments as will make the offense affirmatively appear. (Page 543.)

4.  SAME—EVIDENCE.—It is competent, in a prosecution for forgery of the payee's indorsement on a check, to show that the manager of the payee, having authority to indorse his name, was in the habit of giving to defendant checks payable to his principal and of authorizing defendant to indorse the payee's name thereon. (Page 543.)

5.  SAME—WHEN EVIDENCE IRRELEVANT.—It was not error to exclude evi-dence as to what questions were asked a witness before the committing magistrate, where the questions were not answered, and were not shown to be relevant. (Page 544.)

6.  SAME—VARIANCE.—An indictment for forgery of a check is not sus-tained by proof of forging an indorsement on the check. (Page 544.)

Appeal from Sebastian Circuit Court; STYLES T. ROWE, Judge; reversed.

STATEMENT BY THE COURT.

Appellant was indicted for forgery and uttering a forged instrument as follows (omitting formal parts):

"The said defendant, in the district and county aforesaid, on the 1st day of November, 1905, fraudulently and feloniously did forge and counterfeit a certain writing on paper, purporting to be a check upon a bank, which said writing on paper is in sub-stance as follows:

"CHATWELL BROS.                    No. 120
     "Fine Wines, Liquors and Cigars,
          "8 North First Street.
                    "Fort Smith, Ark., Nov. 1, 1905:

"Pay to James G. Frizzell, or Bearer, $15.20—Fifteen 20-100 Dollars.

"To First National Bank,                CHATWELL BROS.
     "Fort Smith, Arks.                By Walter Chatwell."

"And having indorsed on the back thereof, 'James G. Frizzell,' with intent then and there fraudulently and feloniously to obtain possession of the money and property of Chatwell Bros., a partnership, and of James G. Frizzell, and of Palace Clothing Store, a partnership composed of J. H. Fox and R. F. Turner, against the peace and dignity of the State of Arkansas."

The second count charged the uttering of the instrument, as set forth in the first count.

The proof tended to show that the appellant in Fort Smith in November, 1905, bought of the Palace Clothing Company a pair of trousers, and presented the check described in the indictment in payment of same. He represented that his name was Frizzell, and that the check was made to him. The one to whom the check was presented inquired over the 'phone of the drawers of the check to know if such a check was out and all right. Upon being informed that it was, he called upon the appellant for identification, and appellant went out and came back with a young man who said that he knew appellant, and "that he was all right." Thereupon payment for the trousers was taken out of the check, and the balance was given to appellant in money.

Robert E. Frizzell testified in substance that he was the manager of the beer business of his brother, James G. Frizzell, in Fort Smith; that he had authority to receive checks, to transfer and indorse same; that he got the check from Chatwell Bros. on November 1, and put it in his vest pocket; that after supper about seven o'clock he went to the closet, leaving his vest on some soda boxes in the middle room of the store. He was gone a short time, and on his return found the appellant in his place of business. He detailed a short conversation had with the appellant, after which appellant left. The witness stated that he found the check next day in the possession of the Palace Clothing Company; said that he did not give the check to the appellant or authorize him to get it; that the check was in the same condition as when he received it from Chatwell Bros., except the indorsement James G. Frizzell. The word "bearer," he explained, was scratched out at the time the check was given, in order that it might be payable only to James G. Frizzell. At this juncture the witness was asked "if he indorsed the name James G. Frizzell on the check, or if it was so indorsed when it was taken." Appellant objected

on the ground that he was "not charged with forging the indorsement or with uttering a check upon which there was a forged indorsement." The court sustained the objection as to the first count in the indictment, but held the question proper as to the second count, to which action of the court, the appellant excepted. Witness answered that he did not indorse it, nor did James G. Frizzell.

The following check was admitted as evidence to-wit:

"CHATWELL BROS.                    No. 120

"Fine Wines, Liquors aand Cigars.

"8 North First Street.

"Fort Smith, Ark., November 1, 1905.

"Pay to James G. Frizzell $15.20—Fifteen 20-100 Dollars.
"To First National Bank,                    CHATWELL BROS.
    "Fort Smith, Ark.                    By Walter Chatwell."
[Indorsed] "James G. Frizzell."

Appellant objected and excepted to the ruling of the court.

By a series of questions appellant sought on cross-examination of witness Robert E. Frizzell to establish that from time to time during the last year appellant had called upon him for money, and that he had been in the habit of letting appellant have money and checks from time to time, and let him have the check under consideration in the same way that he let appellant have previous checks. The court would not permit such evidence, and the appellant excepted to the court's ruling. The court refused, over appellant's objection, to permit appellant to ask witness Frizzell if he was not asked certain questions before the grand jury in regard to letting appellant have money and checks, before the alleged forgery of this check, and if he did not refuse to answer these questions.

Appellant then offered to prove that witness Robert E. Frizzell had the note of the appellant for $250 which did not represent $250 actually loaned or advanced by Frizzell to appellant, but that the note was given to stand as evidence of transactions between Frizzell and appellant, so that Robert E. Frizzell, in accounting with James G. Frizzell, might show that $250 had been drawn out of the business for the $250 note. The court would not permit such testimony, to which ruling appellant excepted.

The appellant testified that he did not take the check in evidence, but that Robert Frizzell gave to him. He said: "I went down there and told Mr. Frizzell I wanted him to let me have some money to buy some clothes; and he said he didn't have the money, but had this check, which I could take and get the clothes and get the money on the balance of it; that I could use the check. I indorsed James G. Frizzell's name on the check by the authority of Mr. Emmet Frizzell, who has charge of his business."

Appellant offered to prove that at various times prior to the alleged offense, covering a period of six or seven months, Frizzell gave him money, and when he did not have money gave him checks, and on several occasions when defendant wanted money he gave him checks payable to James G. Frizzell and told him to use them, which he had done; that sometimes Emmet Frizzell would indorse these checks himself, and sometimes tell the defendant to do so and get the money; that these checks and the money that had been heretofore given him were under like circumstances as the one defendant is charged with stealing. All of which testimony the court held to be incompetent and excluded same, to which action of the court the defendant at the time excepted.

A plea of former conviction was interposed with the plea of not guilty, and the record of the circuit court was introduced, showing a conviction of appellant for grand larceny, the property being the check which appellant in the case at bar is alleged to have forged and uttered. The court overruled the plea of former conviction.

Appellant asked the court to instruct the jury, "under the law and the evidence to acquit the defendant," and also asked an instruction presenting his theory as to the evidence he had offered, which the court had refused.

The court on its own motion gave the following:

"3. If you find from the evidence beyond a reasonable doubt that the defendant unlawfully and feloniously uttered and published the check mentioned in the indictment, including the indorsement thereon, as good, when he knew that it was false, and that he uttered and published the same with the intent to obtain possession of the money and property of Chatwell Bros.,

or James G. Frizzell, then you should convict the defendant of uttering and publishing a forged instrument."

There was a general verdict of guilty, and the punishment fixed at two years in the penitentiary.

A motion was filed in arrest of judgment on the ground that the indictment did not set out the forged instrument nor give any reason why the same was not set out, but instead sets out the substance of the alleged forged instrument. The motion in arrest was overruled. Appellant was sentenced, and he seeks by this appeal to reverse the judgment.

*Ira D. Oglesby,* for appellant.

*Robert L. Rogers,* for appellee.

The plea of former conviction is not well taken. The larceny of the check was a separate offense.

There was no such defect as would prejudice the substantial rights of the defendant. Kirby's Digest, § 2229. If any part of a true instrument be altered, the indictment may allege it as a forgery of the whole instrument. The indictment sets out the instrument, and also the indorsement; and although the indorsing should be specially alleged, a count for uttering a forged instrument should be good if it gives a full description of the instrument. 10 Gray, 481.

WOOD, J., (after stating the facts.) The motion in arrest should have been sustained. The alleged forgery was of a bank check. In the absence of statute, such an instrument must be set forth according to its tenor. The object of the rule is to enable the court to determine whether it is a writing that can be forged. 2 Bish. Cr. Proc. § 403. The mere substance or effect of the forged writing will not suffice, unless the instrument is lost or destroyed, is in the possession of the defendant, or otherwise wholly inaccessible to the pleader. Where such is the case, the disabling fact should be alleged. Then the substance will suffice. 2 Bish. Cr. Proc. 403, 404. "Where the law requires," says Mr. Bishop, "the words to be laid by their tenor, the indictment must introduce them in one of the ways which denote this; it will not suffice merely to set them out accurately in fact. And if the case is within any class of the exceptions, as that the instrument is lost, or is in the hands of the defendant, * * * the

excusing thing must be stated, or the indictment will be defective." 1 Bish. Cr. Proc. § § 561, 562. The indictment for forgery should always set forth the forged or counterfeit instrument by facsimile copy when practicable. The rules of correct pleading certainly require this. *State* v. *Bonney,* 34 Me. 383; *State* v. *Twitty,* 2 Hawks (N. C.), 248.

2. As the cause must be remanded for new trial, it will be necessary to pass upon other questions presented. The plea of former conviction is not well taken. It is grand larceny under our statute to steal the check described in this indictment. Kirby's Digest, § § 1821-4 inclusive. The check under consideration was of the value of more than ten dollars to its payee, James Frizzell. It did not require any indorsement by him to enable him to draw the money on it. One convicted for this offense could not plead former jeopardy if he were afterwards indicted and put upon trial for forging the same check. The two offenses have nothing in common. They are not the same. One convicted for grand larceny could not be put in jeopardy by afterwards being put on trial for forgery.

3. As the present indictment will have to be quashed, and as the matter will doubtless be referred to another grand jury, the district attorney, in case of another indictment, will doubtless conform his pleading strictly to the proof. Therefore, we need not pass upon the question of variance. It is not improper to say, however, that an indorsement on a note or check does not constitute in law a part of the note, and need not be set out in an indictment for forgery of such note or check. But if the indictment is "for the forgery of the indorsement, it must be set out, accompanied with such averments as will make the offense affirmatively appear." 2 Bish. Crim. Proc. § 410; *McDonnell* v *State,* 58 Ark. 242.

4. The court erred in excluding evidence tending to show that Robert E. Frizzell, who was the manager of James Frizzell, and who had authority to indorse his name on checks, had been in the habit of giving money and checks to appellant for six months prior to this occurrence, and had authorized appellant to write the name of James Frizzell on checks before. This testimony was competent, as tending to show the intent with which the alleged criminal act was done. It tended to show the rela-

tion between the appellant and the agent of James Frizzell from whom the check was taken. The testimony tended to support the theory of appellant as to how he came into the possession of the check, and as to how the indorsement was made. It was not in the nature of self-manufactured evidence.

It was not competent to ask Frizzell if he had not been asked before the committing magistrate as to whether or not he had been in the habit of giving appellant checks as appellant claimed he had given him this one, and whether or not he had given appellant this check, and what his answers were. Frizzell had not answered these questions before the committing magistrate, and there was nothing in these upon which to lay the foundation for his impeachment. These questions had no relevancy in the case, and were properly excluded.

5. It follows from what we have said that the court erred in giving the third instruction on its own motion. There was no charge of forging an indorsement on the check, and no proof that the check itself was forged. Hence under the present indictment there could have been no uttering of a forged instrument.

It is unnecessary to pass upon the second instruction asked for appellant and refused. What we have already said sufficiently indicates what the law is upon the questions covered by this refused request. The judgment is reversed, and the cause is remanded for a new trial.