BLEVINS v. STATE.

Opinion delivered January 27, 1908.

85    195
86    130
f87    566

1. INDICTMENT—STATUTORY CRIME—EMPLOYING WORDS OF STATUTE.—An indictment for a statutory crime need not employ the precise words of the statute if terms are used which bear the same meaning. (Page 198.)

2. PERJURY—SUFFICIENCY OF INDICTMENT.—An indictment for perjury which alleges that the testimony was "feloniously, falsely and corruptly" given is not defective in omitting to use the word "wilfully" in describing the perjury, especially where the indictment concludes with the statement, "said testimony being wilfully and corruptly false." (Page 198.)

3. SAME.—An indictment for perjury which alleged that defendant testified that he had paid a sum of money to E. B. M. as administrator of a certain estate, and that such testimony was false in that he did not pay to E. B. M. as administrator·of such estate the said sum or any other sum, is not defective in failing to deny that defendant has paid the money to E. B. M., personally. (Page 198.)

4. SAME—SUFFICIENCY OF EVIDENCE.—Where the offense of perjury was alleged to consist in defendant having testified that he paid a certain sum of money to a person unknown to him who pretended to be E. B. M., administrator of a certain estate, evidence that E. B. M., who was administrator of such estate, died before the alleged payment was said to have been made is insufficient to establish the falsity of the alleged testimony. (Page 198.)

5. SAME—VARIANCE.—An indictment which alleged that defendant falsely testified that he had paid to E. B. M., as administrator of a certain estate, a sum named is not supported by proof that he testified merely that he paid the money to a person who represented himself to E. B. M., administrator of said estate. (Page 199.)

Appeal from Cleburne Circuit Court; *Brice B. Hudgins,* Judge; reversed.

*S. Brundidge, Jr.,* and *Mitchell & Thompson,* for appellant.

1. It is not sufficient to charge that the appellant committed perjury by testifying that he had paid to one E. B. McGuire, administrator, etc., the sum of $445. He might in good faith have paid E. B. McGuire the money, and still under the indictment be convicted, unless he paid him as administrator. 54 Ark. 584; 51 Ark. 138; 24 Ark. 591.

The indictment is further defective in failing to charge that he wilfully swore falsely. 2 S. W. 137.

2. Before appellant could properly be convicted, it was incumbent on the State to produce either two witnesses, or one witness with corroborating circumstances, showing that the testimony he had given was false. 70 Ark. 385; 65 Ark. 278; 59 Ark. 113; 14 Pet. 430; 2 Wharton, Crim. Law., § 1319; 91 Pa.

493; 57 Mo. 252; 22 Tex. App. 196; 42 La. Ann. 946; 6 S. W. 150; 97 N. C. 462; 51 Ark. 138.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* assistant, for appellee.

1. The indictment charges that appellant "did then and there feloniously, falsely and corruptly testify, etc., and that is sufficient. It is impossible for one to testify feloniously and corruptly, and not do it wilfully. 62 Ark. 369.

2. The old rule that in order to convict of perjury two witnesses were necessary has been relaxed, and a conviction may be had upon any legal evidence of a nature and amount sufficient to outweigh that upon which perjury is assigned." 53 Ark. 305, and cases cited.

McCULLOCH, J., Appellant was convicted of the crime of perjury, under the following indictment: "The grand jury of Cleburne County, in the name and by the authority of the State of Arkansas, accuse J. W. Blevins of the crime of perjury, committed as follows, towit: The said J. W. Blevins in the county and State aforesaid, on the 5th day of April, A. D. 1906, on his examination as a witness, after having been duly sworn by B. Masingill, circuit clerk of said Cleburne County, Arkansas, who was authorized to administer such oath, to testify the truth, the whole truth and nothing but the truth on the trial of a certain civil action then pending in the Cleburne Circuit Court, wherein the heirs of J. E. Gresham, deceased, were plaintiffs and J. W. Blevins, administrator, was defendant, in which said action George E. Gresham and others were exceptors to the final account of J. W. Blevins, as administrator *de bonis non* of the estate of James E. Gresham, deceased, then and there did feloniously, falsely and corruptly testify that in December, 1904, he, the said J. W. Blevins, paid to E. B. McGuire, as administrator of the estate of Charles O'Neal, deceased, the sum of $445 in money as full payment of a claim probated in the White County, Arkansas, Probate Court in 1876 in favor of the estate of Charles O'Neal, deceased, whereas in truth and in fact the said J. W. Blevins did not in the year 1904, or at any other time, pay to the said E. B. McGuire, as administrator of the estate of Charles O'Neal, deceased, the said sum of $445, or any other sum of

money; the matter so testified to being material to the issue, and the said testimony being wilfully and corruptly false, against the peace and dignity of the State of Arkansas."

Appellant interposed a demurrer to the indictment, which was overruled by the court, the ground of the demurrer being that the indictment failed to state that the alleged false testimony was willfully given, and that it was not alleged in the indictment that the money was not paid to E. B. McGuire.

It is not essential that the precise words of the statute be used in an indictment, if terms are used which bear the same meaning. *Sherrill v. State,* 84 Ark. 470, and cases cited.

The charge in the indictment that the testimony was "feloniously, falsely and corruptly" given necessarily implied that it was wilfully or intentionally given. This court, in passing upon an indictment for murder in the first degree which omitted the word "wilfully," in *Aubrey* v. *State,* 62 Ark. 368, said: "A wilful killing is an intended killing. Both the words 'deliberation' and 'premeditation' involve a prior purpose to do the act in question. And it is impossible to conceive of a murder committed with a 'felonious intent' that is not wilful." In addition to this, it will be noted that the indictment concludes with the statement, "said testimony being wilfully and corruptly false." We think that the omission of the word "wilfully" was not fatal to the indictment.

Nor is the other objection to the indictment well taken. It is alleged that appellant testified that he had paid a sum of money to E. B. McGuire, as administrator of the estate of Chas. O'Neal, deceased, and that it was false in that he did not pay to the said E. B. McGuire, as administrator of the estate of Chas. O'Neal, deceased, the sum of money or any other sum. It was unnecessary to negative the fact in so many words that he had paid the money to E. B. McGuire personally. The statement in the indictment necessarily carried the meaning that appellant had not paid the money to E. B. McGuire, who was administrator of the estate. The demurrer was therefore properly overruled.

The testimony adduced at the trial tended to show that in the proceedings set forth in the indictment appellant testified that

on a certain occasion he went to Cotter, Ark., and there met a man who pretended to be E. B. McGuire, administrator of the O'Neal estate, and that he paid to him the sum of money named and took his receipt therefor. Appellant did not in his testimony pretend to identify the person who claimed to be E. B. McGuire; but on the contrary he said that he was not acquainted with that individual, and merely took his word as to his identity. The testimony which he is proved to have given, and which is claimed to be false, is that he paid a certain sum of money to a person unknown to him, but who claimed to be E. B. McGuire, administrator of the O'Neal estate. The only proof adduced tending to show the falsity of this testimony was that one E. B. McGuire, who formerly lived at Batesville, and who was administrator of O'Neal's estate, died many years before the date of the alleged payment. This was not sufficient to establish the falsity of the alleged testimony. It did not tend to establish the fact that appellant had not paid the sum of money claimed to an individual at Cotter, Ark., who claimed to be E. B. McGuire, administrator of the O'Neal estate. If appellant had testified that he had paid the money to McGuire as administrator of the O'Neal estate, and if he had testified to the identity of the individual, then the testimony showing the death of E. B. McGuire might be said to establish the falsity of his testimony. But such is not the case. The falsity of the testimony is a material ingredient of the offense. It is the gist of the offense, and must be proved as alleged. The mere improbability of the truth of the testimony given, without affirmative proof of its falsity, is not sufficient in a prosecution for perjury to establish its falsity. The evidence was therefore insufficient to sustain the charge in the indictment.

It will also be seen that the proof as to the substance of the alleged false testimony does not correspond with the allegations of the indictment. The indictment charges that appellant falsely testified that he had paid to E. B. McGuire, as administrator of the estate of Chas. O'Neal, deceased, the sum of money named, whereas the proof shows that he testified merely that he paid the money to a man at Cotter who represented himself to be E. B. McGuire, administrator of the O'Neal estate. The proof

must, in order to sustain an indictment, conform to the allegations thereof; otherwise an acquittal of the charge follows.

Reversed and remanded for new trial.