## TEAGUE v. STATE.

### Opinion delivered April 20, 1908.

1. FORGERY—ALLEGING TENOR OF INSTRUMENT.—An indictment for for-
gery which alleges the forgery of a writing "of the tenor, purport
and effect following, towit," followed by what appears to be a copy
of the instrument, will be held to have set forth the tenor of the
instrument. (Page 129.)

2. SAME—VARIANCE.—An indictment for forgery which fails to set out
an erased word on the forged instrument and a marginal memoran-
dum thereon is not fatally variant. (Page 129.)

3. SAME—ALLEGATION OF INTENT.—An indictment which in effect al-
leges that defendant unlawfully and feloniously uttered a note,
knowing it to be forged, with the intent feloniously to obtain pos-
session of another's property necessarily imports that the note was
uttered with a fraudulent intent. (Page 130.)

Appeal from Arkansas Circuit Court; *Frederick D. Fulker-
son,* Judge, on exchange; affirmed.

#### STATEMENT BY THE COURT.

Appellant, W. F. Teague, was indicted for the crime of
forgery and of uttering a forged instrument. The jury
returned a verdict of guilty on the second count, and fixed his
punishment at a term of two years.

The second count of the indictment is as follows: "The
grand jury, in the name and by the authority of the State of
Arkansas, accuse the said W. F. Teague of the further crime of
uttering a forged writing, committed as follows, towit: The
said W. F. Teague, in the county and State aforesaid, on the 31st

of August, A. D. 1906, did then and there unlawfully and felo-
niously utter, publish and pass as true to one J. M. Thompson,
who was then cashier of the Home State Bank, of DeWitt, a
certain paper writing, which said paper writing was false and
forged, and which purported to be a promissory note made by
W. F. Teague and Oscar Buchmiller, and payable to the Home
State Bank for the sum of twenty-five dollars, which said false
and forged writing is of the tenor, purport and effect following,
towit:

'$25.00.

'DeWitt, Ark., August 31, 1906.

'Ninety days after date, we, or either of us, promise to pay
to the order of Home State Bank twenty-five and no-100 dollars,
for value received, negotiable and payable without defalcation or
discount at the Home State Bank of DeWitt, Arkansas, with
interest from maturity at the rate of ten per cent. per annum un-
til paid. The makers and indorsers of this note hereby severally
waive presentment of payment, notice of nonpayment and protest.

'W. F. TEAGUE,
'OSCAR BUCHMILLER.'

The said false and forged writing then and there uttered, pub-
lished and passed as true by the said W. F. Teague to the said
J. M. Thompson as cashier as aforesaid * * * with the in-
tent then and there feloniously to obtain possession of the money
and property of the Home State Bank and of the said J. M.
Thompson, and to cause the said J. M. Thompson and the said
Oscar Buchmiller to be injured in their estates, the said W. F.
Teague then and there well knowing said writing to be false,
forged and counterfeit. Against the peace and dignity of the
State of Arkansas."

The note, as introduced in evidence, was as follows:

"$25

"DeWitt, Ark., August 31, 1906.

"Ninety days after date, we or either of us promise to pay
to the order of Home State Bank twenty-five and no-100 dollars,
for value received, negotiable and payable without defalcation
or discount at the Home State Bank, of DeWitt, Arkansas, with
interest from ~~date~~ maturity at the rate of ten per cent. per annum

until paid. The makers and indorsers of this note hereby severally waive presentment of payment, notice of nonpayment and protest.

"No. 535. Due Nov. 31, 06.

"W. F. TEAGUE,

"OSCAR BUCHMILLER."

*J. M. Brice,* for appellant.

1. The indictment is bad because of the use of the words (in describing the alleged forged note) "of the tenor, purport and effect," etc. These are established rules of law: in construing an indictment nothing can be taken by intendment or by way of recital to supply the want of certainty; in cases of doubt the words of an instrument are to be construed most strongly against the pleader, and the last words or clause prevails. 66 Ark. 308; 77 Ark. 537. The legal meaning of "tenor" is "exact copy". 58 Ark. 242. Surplusage means unnecessary averments in an indictment which do not conflict in meaning with any necessary allegations. 11 Am. & Eng. Enc. of Law (1 Ed.), 552. The words "purport and effect" can not be harmonized in meaning with "tenor" as above defined. They are not excessive allegations; but, if so, that will vitiate the indictment, if they render it uncertain, double, or repugnant. 10 Ark. 318. See also 6 Ark. 165; 77 Ark. 537.

2. The failure to allege that the defendant uttered the instrument with the "intent to defraud" and to charge that it was "wilfully" done renders the indictment bad. Fraudulent intent is the gist of the action. Clark's Crim. Proc. 262.

3. There is a fatal variance in the indictment and proof. The description of the instrument set out in the indictment must correspond in every particular to the one introduced in evidence. 62 Ark. 516; Clark's Crim. Proc. 332; 58 Ark. 242.

4. The court erred in refusing to give the first instruction requested by appellant, to the effect that an insane person is one whose mind is affected by general imbecility, or is subject to one or more specific delusions. 11 Am. & Eng. Enc. of Law (1 Ed.), 105.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* assistant, for appellee.

1. True, the word "tenor" means an exact copy, and, such being the case, the meaning contained in the words "purport and effect" being included in the former word, the latter words are only surplusage, and may be stricken out without destroying the efficiency of the accusation. 58 Ark. 242; 32 Ark. 611; 5 Ark. 349; 2 Ohio St. 91; 8 Ia. 288; 14 Wis. 479; 27 N. C. 287; 102 Ia. 681; 58 N. W. 911; 29 Eng. Law & Eq. 558; 72 Miss. 110; 18 Mo. 445; 44 S. W. 245; 103 Ind. 419; 17 Tenn. 392; 9 Yerg. (Tenn.), 392; 101 Ind. 379; 26 Ia. 407.

2. The indictment sufficiently expresses the idea conveyed by the words "wilfully" and "with intent to defraud." The meaning of the word *wilfully* is embraced within the scope of the terms *unlawfully, feloniously and knowingly.* 24 N. W. 535; 7 Pac. 872; 64 Ia. 333; 24 Kan. 445; Wharton's Crim. Law, § 380; 62 Ark. 368; *Id.* 533; 47 Ark. 572.

HART, J., (after stating the facts.) Appellant contends that the indictment is bad because the words "tenor, purport and effect" were used in describing the note alleged to have been forged and uttered. The word "tenor," used in an indictment, imports an exact copy. *McDonnell* v. *State,* 58 Ark. 242; *Crossland* v. *State,* 77 Ark. 537. The words "purport and effect" mean the substance of an instrument, and were, therefore, surplusage in the indictment, for their meaning does not conflict with that of the word "tenor," but is rather included and expressed in it.

2. Appellant, also, contends that there is a variance between the alleged forged instrument contained in the indictment and the one introduced in evidence. A comparison of the two shows that the variance consists in the word "date" marked as indicated in the face of the note and the words and figures as follows "No. 535. Due November 31,-06," written in the margin of the note. In the absence of proof to the contrary, the presumption is that the marks on the word "date" (thus, ~~date~~) were intended to erase it, and that the word "maturity" was substituted in its stead before the note was presented for negotiation by appellant. Hence it forms no part of the note. The memorandum in the margin of the note, showing its number and the date when due, forms no part of the instrument. For this

reason they may be omitted from the description, when the instrument is set out according to its tenor. *McDonnell* v. *State,* 58 Ark. 249.

3. Appellant also urges that the court erred in not sustaining a demurrer to the indictment for the reason that it fails to allege that he uttered the instrument with intent to defraud. Under the Code no particular form of words is required to be used in an indictment. *Read* v. *State,* 63 Ark. 618; *Blevins* v. *State,* 85 Ark. 195. The indictment, stripped of its verbiage, alleges that appellant unlawfully and feloniously uttered a note, knowing it to be forged, with the intent to feloniously obtain possession of the property of another. These allegations necessarily import that it was uttered with a fraudulent intent. *Bennett* v. *State,* 62 Ark. 517; *Carroll* v. *State,* 71 Ark. 403.

4. Appellant also urges that there was error in not giving his first instruction on the subject of insanity as a defense to crime. This point was fully covered in the instructions given by the court.

Judgment affirmed.