## BAKER v. STATE.

### Opinion delivered October 26, 1908.

PERJURY—FALSITY.—In a prosecution for perjury, the mere improbability of the testimony given, without affirmative proof of its falsity, is insufficient to establish its falsity.

Appeal from Sevier Circuit Court; *James S. Steel*, Judge; reversed.

*Wm. F. Kirby*, Attorney General, and *Dan'l Taylor*, Assistant, for appellee.

McCULLOCH, J. Appellant, H. N. Baker, was indicted by the grand jury of Polk County for the crime of perjury, alleged to have been committed by giving material false testimony in the trial of a civil action pending in the circuit court of that county wherein J. H. Skillern as receiver of the Howard County Bank was plaintiff and said H. N. Baker was defendant. A trial of the case, on change of venue, in the circuit court of Sevier County resulted in conviction of the accused, and he appealed to this court.

The facts of the case are as follows: On September 2, 1902, appellant executed to the Howard County Bank, of Nashville, Arkansas, his negotiable promissory note in due form for the sum of $568.30, payable ninety days after date. The bank was subsequently adjudged to be insolvent, and its assets were placed in the hands of a receiver. Skillern was appointed as receiver, and instituted an action at law against appellant to recover the amount of the note. On the trial of that case appellant, in support of his defense to the action, testified that there was no consideration for the note, that he executed it to the bank as accomodation paper to enable it to use the note as collateral to borrow money on, and that at the time of the execution of the note the cashier of the bank, one D. P. Terry, executed to him a written receipt, which he exhibited to the trial jury, stating that the instrument was an accommodation note. This is the testimony that is alleged to be false, and its material bearing upon the issue involved in that case is obvious. It is sufficiently proved that the appellant gave the testimony above recited in the trial of said civil action, and that he exhibited to the jury a writing which he testified was the receipt given him by Terry, the bank cashier, at the time he executed the note, stating that the note was executed as accommodation paper.

The defect in the evidence is in its failure to establish the falsity of appellant's testimony.

It will be seen that the alleged false testimony consists of two statements: One that the note was executed for accommodation, and the other that the cashier gave appellant at the time a written receipt showing that it was accommodation paper. There is no evidence at all in this record that the statement in the first named particular was false. No testimony at all was introduced by the State tending to show that the note was not in fact given as accommodation paper. The note was introduced, reciting on its face that it was given for a valuable consideration, and that would have been legally sufficient in a civil action to sustain a recovery for the amount of the note, even in the face of appellant's testimony that it was in fact given as accommodation paper and without consideration, but in a criminal prosecution for perjury the recitals of the note do not prove the falsity of appellant's testimony. It will not do to say that the mere recitals of the note are sufficient to convict the appellant of falsely swearing in contradiction of those recitals. The recitals might be considered in corroboration of some direct testimony of the falsity of appellant's testimony, but they are not sufficient to establish its falsity.

In prosecutions for perjury the falsity of the testimony which is the basis of the accusation must be affirmatively proved. In *Blevins* v. *State,* 85 Ark. 195, we said: "The falsity of the testimony is a material ingredient of the offenses. It is the gist of the offense, and must be proved as alleged. The mere improbability of the truth of the testimony given, without affirmative proof of its falsity, is not sufficient in a prosecution for perjury to establish its falsity."

Nor is there any proof that the cashier did not give the receipt testified to by appellant. Neither Terry, the cashier, nor any other witness was introduced to show that a receipt was not given. The State introduced testimony to the effect that, after Terry absconded and fled to Mexico, appellant, through the latter's attorney (who was also appellant's attorney in the civil action), procured from Terry a receipt which he claimed was a duplicate of the one given at the time of the execution of the note, and paid him fifty dollars to execute the duplicate. But appellant testifies that he found the original, and that it was the original which he exhibited at the trial of the civil action. It

is not proved that this was false, and that appellant exhibited the so-called duplicate which he obtained from Terry while in Mexico. One of the attorneys for the plaintiff in the civil action testified in the trial of the present case that at the former's trial he copied precisely the receipt exhibited by appellant, but the copy which he made varies from the copy of the duplicate adduced by the State in evidence, in that the former copy contains several words which do not appear in the latter. The identical paper which appellant exhibited at the trial of the civil action was not filed as a part of the record of that case, and appellant did not, at the trial of the present case, produce either the original which he claimed that Terry gave him, when he executed the note or the duplicate which Terry sent him from Mexico. His failure to do so, however, affected only the credibility of his testimony in the present trial, and did not tend to establish the falsity of his testimony in the trial of the civil action. It gives his story an appearance of improbability, but does not furnish affirmative proof of its falsity. It might serve as corroboration if there was any direct evidence of the falsity of his testimony, but it is not affirmative evidence of the falsity of the testimony given at the trial of the civil action. We therefore find no evidence upon which the verdict of conviction can be sustained, and the judgment must be reversed.

There are numerous other assignments of error in the motion for new trial; but as appellant's counsel has not favored us with an argument of the other questions relied on for a reversal, we need not discuss them.

On account of the legal insufficiency of the evidence, the judgment of conviction is reversed, and the cause is remanded for a new trial.