## EVANS *v.* STATE.

Opinion delivered March 28, 1910.

1. FORGERY—SUFFICIENCY OF ALLEGATION OF TENOR.—An indictment for forgery of a certain writing which alleges that the writing "is in substance as follows," and the writing is thereupon set out so minutely and in detail as to exclude the idea that the substance merely is set out, it will be taken that the writing is set out according to its tenor.   (Page 403.)

2. SAME—IMMATERIAL VARIANCE.—An indictment for forgery of a railway time check which fails to set out the following words: "Agent will affix station dater stamp here," is not fatally variant.   (Page 404.)

3. EVIDENCE—TELEPHONE CONVERSATION.—It was competent to prove that some one who represented himself to be the defendant called up a witness over the telephone and induced him to cash the time check alleged to have been forged, where there was other evidence tending to connect defendant with the alleged crime.   (Page 404.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*Sam R. Chew,* for appellant.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

In charging the forgery of an instrument, it is not necessary to set out matter which is not necessary to the validity of the instrument.   2 Bish. Crim. Prac., § 410; 58 Ark. 242; 77 Ark. 543; 90 Ark. 123; 86 Ark. 126; 14 O. St. 55; 53 Am. D. 652; 69 Ind. 485; 47 Ill. 152; 33 Vt. 261; 129 Va. 147; 38 N. W. 519; 108 Ind. 444.   The test as to the validity of an indictment is that it is to be measured by the statute. 63 Ark. 613.   Evidence of offenses similar to one charged are competent for the purpose of showing knowledge, intent or design.   1 Wig. on Ev., § 300; 72 Ark. 586; 75 Ark. 427; 84 Ark. 119; 168 N. Y. 264; 87 Ark. 17.   The making of an instrument in the name of a fictitious party with intent to defraud another is forgery.   10 L. R. A. 779; 32 U. S. 132; 93 Mo. 88; 11 Ky. Law Rep. 424.

BATTLE, J.   The grand jury of Crawford County, in this State, indicted C. A. Evans, L. D. Harshaw and W. H. Dugan for forgery.   The indictment, so far as it affects Evans, omitting caption, is as follows:

"The grand jury of Crawford County, in the name and by the authority of the State of Arkansas, accuse C. A. Evans of the crime of forgery, committed as follows, towit: The said C. A. Evans, in the said county and State aforesaid, on the fifteenth day of January, A. D. 1909, fraudulently and feloniously did forge and counterfeit a certain writing on paper, purporting to be a statement of service, which said writing on paper is in substance as follows:

" 'Roll 1299.                Time Check.                No. 26416.

" 'Payable at Fort Smith, Ark.

" 'There will be returned upon January, 1909, pay rolls of St. Louis, Iron Mountain & Southern Railway Company, for service of Richard Walsh, as machinist at Van Buren, Ark., on Central Division, 19.9 days work, at $3.80 per day. $75.60.

" 'Deduction account hospital fee ......$ .50

" 'Deduction account insurance company    .—

.. " 'Deduction account board due .....  .50

         " 'Total ......................$75.10

                                    " 'C. A. Evans,

                    " 'Master Mechanic in charge of work.

" 'Approved: W. A. BeDell, Superintendent.'

                    " 'C. A. E.

" 'Received January 10, 1909, of St. Louis, Iron Mountain & Southern Railway Co. the sum of seventy-five and 10-100 dollars, in full for services rendered in the month of January, 1909, as above stated.

                                    " 'Richard Walsh.

" 'Witness:   A. T. Sanders.'

"Said statement is indorsed on the front thereof as follows:

" 'Not good for more than $100.00.

" 'Not negotiable.   (See back).'

"Said statement is indorsed on the back thereof as follows:

" 'This time check is not transferable, and only the person named on its face will be recognized.

" 'Paid January 20, 1909, by local treasurer the Mo. Pac. Ry. Co.

" 'Mo. Pac. Ry. Co.   Received January 9, 1909.

" 'Master Mechanic's Office, Van Buren, Ark.'

"With felonious intent then and there fraudulently to obtain

possession of the property and money of the St. Louis, Iron Mountain & Southern Railway Company, a corporation organized under the laws of the State of Arkansas, and doing business in the State of Arkansas, against the peace and dignity of the State of Arkansas."

The defendant, Evans, demurred to the indictment, which was overruled. He was then, on his motion, tried separately.

W. A. BeDell testified in the trial in behalf of the State, in part, as follows: He was master mechanic of the St. Louis, Iron Mountain & Southern Railway Company, at Van Buren, in this State, in the year 1909. There was in his office a chief clerk, a time keeper and a stenographer. In January, 1909, C. A. Evans, the defendant, was chief clerk; L. D. Harshaw was time keeper, and Miss McKee was stenographer. The chief clerk had charge of all the work in the office, and the employees under him, and in the absence of the master mechanic discharged the duties of that office. He identified the forged check. It was correctly copied in the indictment, except the words, "Agent will affix station dater stamp here," which appears in the original after the words copied in the indictment are omitted. He testified that the body of the check is made out in the handwriting of Harshaw, and the name W. A. DeBell, with "C. A. E." beneath it, is in the handwriting of the defendant, Evans. The receipt for $75 in the forged writing is also filled out in the handwriting of Harshaw. The check was a forgery, and no man named Richard Walsh, machinist, was in the employment of the St. Louis, Iron Mountain & Southern Railway Company in the month of January, 1909.

Evidence was adduced which tended to prove that the pay rolls made out in the office of Evans for January, 1909, contained names of persons who were not in the service of the railway company in that month, and a part of the records in his office for that time was mutilated. After the foregoing evidence was adduced A. T. Sanders testified substantially as follows: "I live at Fort Smith, Arkansas. Am passenger ticket agent for the Iron Mountain. I cash time checks sometimes for accommodation. A party representing himself over the 'phone as Mr. Evans, about the fifteenth of January, 1909, told me that one of the employees had been called home on account

of sickness; that the agent at Van Buren did not have enough money to cash the check, and he asked me if I would cash it, and I told him I would. The party said his name was Evans, at DeBell's office. I did not know him. A time check was presented and paid at our office that day. It is the check introduced in evidence. I am not positive whether I cashed it, or whether the clerk at the depot cashed it. That is my signature there, however, as a witness. I kept it in the safe until the time to remit it to the treasurer on the following day."

The defendant moved to exclude so much of this testimony of Sanders as relates to the telephone conversations, which was overruled, and the testimony was admitted.

Much testimony in addition to the foregoing was introduced. The jury returned a verdict against the defendant, finding him guilty, but failed to assess his punishment, which the court fixed at two years' imprisonment in the penitentiary, and rendered judgment accordingly, and the defendant appealed.

Should the demurrer have been sustained? In *Crossland* v. *State,* 77 Ark. 537, it was held that "an indictment for forgery of a bank check should set forth the instrument according to its tenor, and should purport to do so, and it will not suffice to set it forth accurately in fact if it does not purport to set forth its tenor."

Sections 2241 and 2243 of Kirby's Digest provide that "the words used in a statute to define an offense need not be strictly pursued in an indictment, but other words conveying the same meaning may be used;" and that the indictment must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended." The indictment before us alleges that the defendant forged a writing on paper, purporting to be a statement of service, "which said writing on paper is in substance as follows." The words following show that these words mean more than substance. They show that the indictment undertakes to and does set forth the writing according to its tenor. The writing is set forth so minutely and in detail as to exclude the idea that the substance was set out, and to show that it was set out according

to its tenor. The statement that the writing is set out in substance in the indictment is negatived by those words which appear in the copy: "Said statement is indorsed on the front thereof as follows;" and "Said statement is indorsed on the back thereof as follows," which mean according to tenor. So construing the indictment as a whole, it clearly means that the copy of the writing is set out according to its tenor.

In *Crossland* v. *State, supra,* there are no words used in the indictment which mean or imply according to tenor, and the close of the description of the writing is as follows: "And having indorsed on the back thereof James G. Frizzell," without purporting to give the whole indorsement or to state it as follows, and does not contradict that part of the indictment which says the writing "is in substance as follows." The demurrer was properly overruled.

The variance between the indictment and the original writing is immaterial. The words, "Agent will affix station dater stamp here," are no part of the instrument forged, and need not have been set out in the indictment. *Crossland* v. *State,* 77 Ark. 537; *Teague* v. *State,* 86 Ark. 126; 2 Bishop's Criminal Procedure, § § 407, 410.

The testimony of Sanders as to the conversation over the telephone was properly admitted. A foundation was laid for it in the testimony we have stated, in part, in this opinion, as well as in other testimony which appears in the record. This evidence tended to throw light upon the conversation, and, in connection with the fact that the forged check was presented at the office of Sanders on the day of and after the conversation, tended to verify what was said over the telephone, and make it admissible for the consideration of the jury in connection with the other evidence in the case. The case of *Stokes* v. *State,* 71 Ark. 112, 116, cited by appellant, is unlike this case. In that case "one Willis Martin testified that about a week before the killing he heard two strangers talking at a store across the railroad. One said to the other, 'Everything all right now, except Scott.' The other said 'Do away with him.' The defendant certainly favored one of them, but he did not pay particular attention to them." Nothing was shown to precede or succeed this occasion that tended to prove that the stranger

the defendant favored was the defendant in that case. The stranger did not pretend to be the defendant. As said by the court in that case, "in the absence of other and better evidence of the identity of the defendant as one of the parties who made the remarks about Scott, the testimony was irrelevant and prejudicial."

The evidence was sufficient to sustain the verdict.

Judgment affirmed.