# Pennsylvania Trust Company *v.* Ghriest, Appellant.

*Contract—Suit to recover back contract price of stock sold—Tender—Demand—Evidence—Telephone conversation—Identification—Admissibility—Assignments.*

In an action to recover money paid for capital stock in an oil company, the evidence on the part of the plaintiff established that the stock was sold upon an agreement, in writing, on the part of the defendant to pay back on a certain date the amount paid for the stock, if the plaintiff desired to return it.

It was also established that subsequent to the purchase, the plaintiff telephoned the defendant demanding back his money and at the same time offering to return the stock. Later the plaintiff's counsel made a similar demand and tender over the telephone.

The defendant admitted the agreement, but denied that the demand was ever made and averred that no tender had been made of the stock.

It was also claimed that the evidence of the telephone conversation was inadmissible.

*Held:* That a conversation by telephone is admissible in evidence, when from all the evidence the identity of the party answering the telephone is established with reasonable certainty, and recognition of the voice or identity by admission of the person who answers is not necessarily required.

Under such circumstances a judgment for the plaintiff will be affirmed.

Argued April 28, 1925.   Appeal No. 49, April T., 1925, by defendant from judgment of C. P. Allegheny County, July T., 1924, No. 199, in the case of Pennsylvania Trust Company, Administrator of the Estate of John T. Christian, deceased, v. George T. Ghriest. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ.   Affirmed.

Assumpsit to recover back contract price of stock. Before Ford, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,950.85 and judgment thereon.   Defendant appealed.

*Errors assigned,* among others, were the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*Charles M. Christler,* and with him *William T. Tredway,* for appellant.

*Edmund W. Arthur,* and with him *Lawrence B. Cook,* for appellee.—Evidence of conversation over the telephone is admissible: Swing v. Walker, 27 Pa. Superior Court 366; Ehrenstrom v. Hess, 262 Pa. 104; Wolfe v. Missouri Pacific Railway, 97 Mo. 473.

OPINION BY TREXLER, J., July 9, 1925:

Defendant was engaged in selling stock of a certain oil and gas corporation, known as the Texacaddo Oil and Gas Company. On or about January 5, 1920, plaintiff purchased from him certain shares of stock in said company upon an agreement in writing, which was as follows: "I hereby agree that the 1,100 shares of the Texacaddo Oil & Gas Stock that I sold you for $1,650, I will pay this much back to you on January 2, 1921, for the above 1,100 shares or for as many shares of the U. S. Mexico Oil Corp. that you receive for this 1,100 shares of Texacaddo Oil & Gas if you want to return it." On September 13, 1920, the shares of the plaintiff were exchanged for 2,200 of U. S. Mexico Oil Corporation stock. This suit is brought for the return of the money. The jury found in favor of the plaintiff and the defendant seeks to get rid of the verdict and judgment entered thereon alleging several mistakes in the trial.

The first assignment refers to a letter dated January 21, 1921. This letter contains a request for payment of the $1,650 and an offer to return the 1,100 shares. The court admitted the letter in the first instance, but afterwards told the jury they must disregard it, instructing them that the offer to return must have been made before January 2d. The error in admitting the letter was harmless in connection with the instructions of the court. It might well be argued if demand had been made prior to January 2d there would not have been any necessity for the letter of January 21st.

The second assignment is directed to the refusal of the court to strike out the testimony in regard to a telephone conversation alleged to have been held between Mr. Cook, the attorney for the plaintiff, and the defendant, Ghriest, the reason for the motion being that Ghriest was not properly identified. If we recur to the testimony we find that the witness was asked whether he had a conversation with Mr. Ghriest by telephone and he answered that he consulted the telephone book and learned the number and address of Mr. Ghriest and called his office and upon receiving a response asked that Mr. Ghriest be called to the 'phone; a man came to the 'phone; Cook asked him whether he was Mr. Ghriest and he answered he was. Cook had a conversation with him. He spoke to him about this contract, whether he was going to pay this money which he had promised to pay. Ghriest said he would see Mr. Christian about it personally. Cook told Ghriest that the matter was in his hands, that he wanted the money and the stock was in his office to deliver to him as soon as the money was received. This was the only time that he had spoken to him. We held in Swing v. Walker, 27 Pa. Superior Ct. 366, that a declaration or admission alleged to have been made by telephone is not admissible unless the party making it is identified as the person sought to be charged, but our Brother HENDERSON, who wrote the opinion, was careful to state that telephone communications are competent under certain circumstances where they relate to communications from an office in response to communications or inquiries and come within the presumption which arises from the transaction of business by telephone from the place of business of the person in whose control the telephone is. In L. R. A., 1918-D, p. 720, it is stated: "By the weight of authority evidence is admissible as to conversations over the telephone where the witness has called for a designated per-

son at his place of business and the one answering the telephone and carrying on the conversation claims to be the person called for. This rule is based upon the apparent necessity, in view of the constant use of telephones, of holding that where a telephone conversation is carried on in the ordinary and usual manner or had in the usual way, evidence of the conversation must be admissible, the weight attached thereto to be a matter for the consideration of the jury in view of all the surrounding circumstances, including the admissions or denials of the other party to the conversation." In the case of Wolfe v. Missouri Pacific Ry., 97 Mo. 473, cited by Thompson on the Law of Electricity, the court stated: "The courts of justice do not ignore the great improvement in the means of intercommunications which the telephone has made. Its nature, operation and ordinary uses are facts of general scientific knowledge of which the court will take judicial notice as part of the public contemporary history. When a person places himself in connection with the telephone system through an instrument in his office, he thereby invites communication in relation to his business through that channel. Conversations so held are as admissible in evidence as personal interviews by a customer with an unknown clerk in charge of an ordinary shop would be in relation to the business there carried on. The fact that the voice at the telephone was not identified does not render the conversation inadmissible. The ruling here announced is intended to determine merely the admissibility of such conversations in such circumstances, but not the effect of such evidences after its admission. It may be entitled in each instance to much or little weight in the estimation of the triers of fact, according to their views of its credibility and of the other testimony in support or in contradiction of it." Where the reply to a telephone conversation purports to come from a party's place of business, a situation is presented analogous to the case where a party

should go to the other's office and hold a conversation with one in apparent charge of the affairs there being conducted. Less stringent proof of connection with the proprietor will under such circumstances properly be required by the court: Kimbark v. Illinois Car, etc., Co., 103 Ill. App. 632. "A conversation by telephone is admissible in evidence when from all the circumstances the identity of the party answering the telephone is established with reasonable certainty, and recognition of the voice or identity by admission of the person who answers is not necessarily required," The Modern Law of Evidence by Chamberayne, vol. 3, section 1741c. Cases to the same effect are, Barrett v. Wagner, 117 N. W. 245; Western Union Telegraph Co. v. Rowell, 45 So. 73; Kansas City Star Co. v. Standard Warehouse Co., 99 S. W. 765; General Hospital Soc. v. New Haven Rendering Co., 65 Atl. 1065; Evans v. State, 94 Ark. 400, 127 S. W. 743; Chapman v. Com., 112 S. W. 567; Spivey v. State, 169 S. W. 949.

The third assignment is to the refusal of the court to direct a verdict for the defendant. This requires no comment.

The fourth assignment is directed to the amount of the verdict. It is claimed that the plaintiff in no event could recover the money he paid but the true standard was to take the difference between what he paid and the market value of the stock in question on January 2, 1921, the time when the defendant agreed to buy it back. Our answer to this is that at the trial it was assumed that the contract between the parties looked to the return of the stock to the vendor and the repayment of the money to the vendee. There is nothing in the record showing that a different proposition was before the court. After the court charged the jury he asked for suggestions from counsel as to whether he had overlooked anything or had fallen into error, and there was no suggestion that the amount which the

plaintiff would be entitled to was other than the sum which he paid for the shares of stock. We may add that we do not see how the theory now presented by the plaintiff is applicable to the situation. The written contract definitely contained the engagement: "I hereby agree the 1,100 shares of the Texacaddo Oil & Gas Company that I sold you for $1,650, I will pay this much back to you on January 2, 1921,......if you want to return it."

All the assignments of error are overruled and the judgment is affirmed.