## Nelson v. Pennsylvania Milk Control Commission

*Frederick B. Smillie,* of *Smillie & Bean,* for appellant.

*Leonard A. Talone,* Special Deputy Attorney General, for the Milk Control Commission.

DANNEHOWER, J., March 3, 1939.—This is an appeal by plaintiff milk dealer from an order of the Pennsylvania Milk Control Commission, dated August 8, 1938, which refused his application for a milk dealer's license for the licensing year from May 1, 1938, to April 30, 1939, on the sole ground that he failed to produce for inspection, auditing and copying books, papers, records, and documents upon the lawful demand and request of designated employes of the said commission.

In accordance with the Milk Control Law of April 28, 1937, P. L. 417, art. IX, the appeal was argued before the court on the appeal petition, answer thereto filed by the commission, and the record certified to the court by the commission.

Section 904 of the Milk Control Law, supra, provides, inter alia, the appeal petition "shall specify the petitioner's objections to the action and decision of the commission, and shall state facts in support of such objections sufficient to constitute a prima facie case; and any objection not so specified and supported by facts shall not be considered by the court." In compliance with this statu-

tory provision, paragraph 8 of the appeal petition sets forth the four objections of plaintiff to the order of the commission. These will be considered in the order raised.

The first objection is set forth in the following language: "Your petitioner denies that he at any time refused to submit any records for examination and audit to the Milk Control Commission." This objection raises the question whether the finding of fact of the commission to the effect that he did refuse to submit for inspection, auditing and copying his books, records, and papers for the purpose of ascertaining facts to enable the commission to administer the Milk Control Law is supported by sufficient competent legal evidence. The testimony of the record shows that the commission's auditors, Jonas S. Seibert and W. H. Parkinson, called at Nelson's place of business at 1920 West Marshall Street, Norristown, Pa., on May 19 and 20, 1938, and did not find him there; that on May 23, 1938, they again returned, asked for his business records and were told by him that he first wanted to ask the advice of his counsel; that Nelson then agreed with the auditors that they should return at 12 o'clock noon that day, which they did; that upon their return Nelson was not there and did not appear for the following three hours, during which time the auditors waited for him; that the auditors then left and reported to their supervisor, James P. Heisey; that the following day, May 24, 1938, James P. Heisey put in a person-to-person telephone call from his business office in Philadelphia to the place of business of Nelson; that he asked the person answering the telephone if he was Nelson and that person said he was; that the answering person said that on advice of his counsel he did not feel the auditors should see his records; that Heisey then said, "You are refusing us access to the records?", and the answering person said, "Yes". This evidence is sufficient to support the finding of the commission that Nelson did refuse to allow designated employes of the commission to see his business records: Smithers et al. v. Light, 305 Pa. 141 (1931);

Pennsylvania Trust Co. v. Ghriest, 86 Pa. Superior Ct. 71 (1925).

The second objection to the order appealed from is stated by appellant as follows: "Your petitioner denies that the Act of April 28, 1937, P. L. 417, requires a dealer to preserve any records in his place of business for the year 1936."

Appellant's contention under this objection in brief is that when the inspectors of the commission attempted to make an examination in May 1938, of books and records of his business for the period from January 1, 1936, to August 31, 1936, he was not then, in May 1938, legally required to have records for the period stated.

Section 1203 of the Milk Control Law, supra, provides:

"All licenses, permits, certificates, rules, regulations and orders issued or made under any act repealed by this act, and in full force and effect upon the effective date of this act, shall remain in full force and effect for the term issued or until revoked, suspended or superseded under the provisions of this act or rules, regulations or orders of the commission made hereunder." Section 1301 of the same act provides:

"The following acts are hereby specifically repealed, except insofar as necessary to sustain or maintain the validity, prosecution or enforcement of any act done, bond posted, offense committed, liability, penalty or judgment incurred, or rule, regulation or order issued thereunder, and saved or continued by this act."

The inquiry is thus what relevant regulation of the commission is thus saved by the 1937 statute, if any.

The brief filed on behalf of the commission states that under the power granted to the commission by section 15, subsec. 8, of the Milk Control Board Law of January 2, 1934, P. L. 174, the then board promulgated Rules and Regulations 18, effective October 19, 1934, which contained, inter alia, the following provision:

"3. Every milk dealer shall keep available in his office or place of business, for a period of not less than two

years after filing any report required by the Milk Control Board, the original books of account and other records upon which the reports are based."

It is further recited that Rules and Regulations 18 was continued in force by the Milk Control Board Law of April 30, 1935, P. L. 96, and by the Milk Control Law of April 28, 1937, P. L. 417, until June 2, 1937, when the commission promulgated Official General Order B-2, superseding Rules and Regulations 18, so that from October 19, 1934, until the present date there have always been continuously in full force and effect official orders of the board or commission, which required that records and information shall be kept by the dealer for a period of two years.

An inspection of the record under review discloses that neither Rules and Regulations 18 nor Official General Order B-2, above referred to, is a part of the record in the instant appeal. Section 303 of the Milk Control Law, supra, provides, in part:

"All acts, proceedings, rules, regulations, orders, papers, findings, minutes and records of the commission and all reports and documents filed with the commission may be proved in any court of this Commonwealth by a copy thereof, certified to by the chairman or secretary of the commission, with the seal of the commission attached."

Until they are made properly a part of the evidence in the instant case and properly before this court, it is apparent that the question of whether appellant was bound to have his business records for the stated period of 1936 ready for inspection in May 1938 cannot be properly decided. Also, it may be noted that if the regulation provides that a dealer should keep his records for not less than two years "after the filing of any report", then the date of the filing of such report should also be clear in the evidence, as it is from this date that the two-year period would run. On this question, therefore, the

record must be remitted to the commission for the further taking of evidence.

Appellant's third objection is stated as follows: "Your petitioner further alleges that the Pennsylvania Milk Control Commission had a prior hearing on the same set of facts for the license year 1937, as is shown by its Legal Docket no. 448, and the commission utterly failed to sustain its position after your petitioner's books had been completely audited and checked. Instead of making an order absolving petitioner, they did nothing, but continued the matter indefinitely and in the subsequent license year 1938, they attempted to subject your petitioner to the annoyance and inconvenience of having old records, which he is legally not required to keep and does not possess, to a reaudit so as to compel petitioner to pay money to the Milk Control Commission, which is not legally due and owing, and that this action of the Milk Control Commission is arbitrary, capricious, illegal, and not according to due process of law."

It appears from the record that appellant was cited by the commission to show cause why his license issued for the year from May 1, 1937, to April 30, 1938, should not be revoked because of underpayments to producers during the period from January 1, 1936, to August 31, 1936. The commission held a hearing on this matter but the license year expired without the commission having decided the matter. No decision consequently has ever been made by the commission thereon.

This objection may be dismissed, for the fact that appellant was cited as stated cannot be a justification for his refusal to permit the inspectors of the commission to reaudit his books, provided he was legally required to keep and have them at the time of the inspection. Section 404 of the Milk Control Law, supra, expressly provides:

"Section 404. . . . The commission may decline to grant a license to an applicant . . . after determination by the commission that the dealer. . . .

"(11) Has violated any provisions of acts repealed hereby, or of rules, regulations or orders issued thereunder.

"The issuance or renewal by the commission of a license hereunder shall not preclude the commission from suspending or revoking such license for a violation committed by the licensee prior to the license period, unless the commission or its predecessor board had proceeded against the licensee for such violation, and any valid order thereon has been complied with by the licensee."

No order having been entered in the prior citation proceedings with which appellant could have complied, it follows the prior proceeding in no way could act as a bar to the citation appealed from in the instant case.

The fourth and last objection of appellant recites: "That the commission had no legal right after May 1, 1938, to refuse a license to any one, as it was bound under the law to issue licenses to all applicants prior to the beginning of the license year and after that time could only revoke for proper cause shown."

"Your petitioner is further informed and believes that the Milk Control Commission has failed to issue a single license to any milk dealer in Pennsylvania, although it has accepted their license fees from them, but has permitted the entire industry to operate without a license in direct violation of the law, and, therefore, its action in refusing him a license, when it has not granted a license to any one is illegal, capricious, and arbitrary."

As to the first part of this objection, section 404, subsec. 7, of the Milk Control Law, supra, expressly provides that the commission may decline to grant a license to an applicant who has failed to furnish information required by the commission after that fact has been determined by the commission. This is the sole ground upon which applicant's license was refused in the instant case.

As to the latter part of the objection, the allegations of fact are not matters of record and therefore cannot be considered on this appeal in accordance with section 906

of the Milk Control Law, supra, which provides, inter alia:

"In an appeal from an order or decision of the commission applying only to the particular person or persons named therein, the case shall be heard upon the record certified to the court by the commission. Additional testimony shall not be taken before the court, but the court may, in proper cases, remit the record to the commission for the taking of further testimony."

And now, March 3, 1939, upon consideration of the foregoing case, it is ordered, adjudged, and decreed that the record be remitted to the commission for the further taking of testimony as indicated in the opinion.