Gene Wirges *v.* State

5216                                                   415 S. W. 2d 548

Opinion delivered June 5, 1967.

*G. Thomas Eisele,* for appellant.

*Joe Purcell,* Attorney General; *Lance L. Hanshaw,* Asst. Atty. General, for appellee.

Conley Byrd, Justice. Appellant, Gene Wirges, contends, among other things, that his first-degree perjury

conviction should be dismissed because the alleged false statement in the indictment was not sustained by the proof.

The indictment charged Gene Wirges with the crime of perjury in the first degree in that he did willfully testify falsely while under oath in the Conway County Circuit Court case of *Scott* v. *Wirges,* by stating *"that he, the said Gene Wirges, did not write any portion of the Bird Town Birdie Column, which appeared in the July 4, 1963 issue of the Morrilton Democrat."*

The proof offered by the state was that, in the trial of the *Scott* v. *Wirges* case, appellant testified as follows:

"Q. How long have you been the editor and publisher of those papers?

A. For the last six years.

Q. You are the defendant in this lawsuit in which Mr. Judge Scott is suing you for $200,000.00?

A. That's correct.

Q. Now, there is an article complained of. Have you read it?

A. Yes, sir.

Q. Did you write it?

A. No, sir."

In *Blevins* v. *State,* 85 Ark. 195, 107 S. W. 393 (1908), Mr. Blevins was convicted of perjury upon an indictment alleging that he had falsely testified that he had paid to E. B. McGuire the sum of $445. The proof showed that Blevins had testified that he met a man who pretended to be E. B. McGuire and paid him the money and took his receipt therefor. In dismissing the conviction, we there held that the proof must, in order to

sustain a perjury indictment, conform to the allegations thereof; otherwise an acquittal of the charge would follow. See also *Clemons* v. *State*, 150 Ark. 425, 234 S.W. 475 (1921), where we said:

"...We think that the result of a substantial variance between the allegations and the proof is necessarily a failure of proof, for the proof must conform to the allegations, and, unless it does, there is no evidence to sustain the verdict. . . ."

We think this case is governed by our holding in the *Blevins* case, *supra*, for there is a great difference in asking a man generally if he wrote an article and asking him specifically if he wrote any portion of it. Therefore, because of the variance between the allegation and the proof with respect to the statements allegedly made by appellant, this cause is reversed and dismissed.

Our dismissal of this cause upon this point makes it unnecessary to discuss other alleged errors.

Reversed and dismissed.