## ROBERT B. CAVERLY *vs.* TIMOTHY McOWEN.

Middlesex.   January 7, 1879.   COLT & ENDICOTT, JJ., absent.

The Gen. Sts. c. 121, § 34, relating to the removal and punishment of attorneys at law for deceit, malpractice or other gross misconduct, and to their liability in damages to parties injured thereby, do not prevent the defendant, in an action by an attorney at law for services rendered, from showing that they were of no value.

A ruling of the Superior Court on a motion for a new trial, so far as it proceeds on matters of fact or of discretion, or on questions of law which are or might have been raised before verdict, is not the subject of an appeal; and, if the exceptions of a party at the trial in that court are overruled by this court, he cannot, by moving for a new trial or in arrest of judgment in the court below, and appealing to this court from the overruling of such motions, entitle himself to be heard anew, either in that court or in this, upon the correctness of the judgment overruling his exceptions.

CONTRACT upon an account annexed for services rendered and disbursements made by the plaintiff as an attorney at law. The case was tried in the Superior Court, and a verdict returned for the plaintiff for part of the amount claimed; and he alleged exceptions, which were argued in this court and overruled, and a rescript sent down accordingly. See 123 Mass. 574.

The plaintiff then filed in the Superior Court a motion in arrest of judgment and for a new trial, for the following reasons:

"1st. Because, upon the face of the records and papers, the judgment which must, if ratified, be entered up against the plaintiff, is entirely unconscionable and unjust, and would constitute a litigious unjust precedent.

"2d. Because the defendant's answer in avoidance, (or declaration in set-off, as it might be called,) on which the verdict is founded, and which the plaintiff demurred to, does not set up any matter sufficient in law to authorize the jury to ignore or cancel the plaintiff's entire claim for professional services, or any part thereof.

"3d. Because the defendant's entire avoidance is set up under the common law, and not with reference to the statute, which repeals the common law as to attorneys at law and as to the foundation of the defendant's remedy, if he had any.

"4th. Because by the records and papers it will appear that the defendant had been benefited by the plaintiff's services, and had not in his allegations or proof shown that he had been in the least damaged or injured."

The defendant also at the same time moved that court to set aside the verdict, because it was against law, and against evidence and the weight of evidence, and "because the foundation of the defendant's avoidance, as set up in bar of the plaintiff's account for services then admitted and proved, depended on the Gen. Sts. *c.* 121, § 34, and by some oversight that statute, in its bearing upon the case, had not been discovered until of late, since the trial."

These motions were overruled by *Wilkinson*, J.; and the plaintiff appealed to this court.

*R. B. Caverly*, (*D. B. Gove* with him,) *pro se.*

*G. Stevens*, for the defendant, was not called upon.

GRAY, C. J. The Gen. Sts. *c.* 121, § 34, on which the plain-

tiff mainly relies, relate to the removal and punishment of attorneys at law, for deceit, malpractice or other gross misconduct, and to their liability in damages to parties injured thereby; and have no application to this case, in which the plaintiff seeks to recover for services rendered by him as an attorney at law, and the jury, under rulings since affirmed by this court, have found those services to have been of no value.

The rulings of the Superior Court on the motion for a new trial, so far as they proceeded on matters of fact or of discretion, or on questions of law which were or might have been raised before verdict, are not subjects of appeal. Nor can the plaintiff by moving for a new trial or in arrest of judgment in the court below, and appealing to this court from the overruling of such motions, entitle himself to be heard anew, either in that court or in this, upon the correctness of the judgment by which this court heretofore overruled the exceptions taken at the trial. *Shannon* v. *Shannon*, 10 Allen, 249. *Aldrich* v. *Springfield, Athol & Northeastern Railroad*, 125 Mass. 404.

No other error in law being suggested, the order of the Superior Court, overruling the plaintiff's motions, must be

*Affirmed.*