PATRICK LYNCH *vs.* JOSIAH G. PEABODY & others.

Middlesex. March 13. — 17, 1884. DEVENS & COLBURN, JJ., absent.

The omission of a party to an action to testify in explanation of testimony against him, given at the trial by others in his presence, is a proper matter of consideration by the judge, who tries the case without a jury, and of comment by the opposing counsel; and he cannot raise an objection to this course for the first time upon a motion for a new trial, so as to make it the ground of an exception.

TORT for libel, in accusing the plaintiff of having uttered certain forged bonds. Trial in the Superior Court, without a jury, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

The defendants gave evidence of the truth of the accusation in the alleged libel. There was evidence tending to show that the bonds referred to in the alleged libel were uttered by the

plaintiff; that some of the signatures of the obligors were written by the plaintiff without their knowledge and without any authority; that others of the signatures of the obligors were written by him under mere oral authority previously given to use their names on such bonds whenever he wished, the obligors not being present when their names were signed by the plaintiff; and that the signatures of the attesting witness on some of the bonds were written by the plaintiff, no authority so to sign the same being put in evidence. The plaintiff was present in court during most of the trial, and was not called as a witness.

In the closing arguments, the defendants' counsel commented, without objection, upon the failure of the plaintiff to testify in his own behalf; and the plaintiff's counsel replied, giving reasons why he had not deemed it necessary to examine the plaintiff as a witness, but did not contend that the court ought not to consider the failure of the plaintiff to testify.

No rulings were requested by the plaintiff's counsel before the decision of the court.

Upon the conclusion of the arguments, the presiding justice stated, that he found as a fact that the accusation contained in the alleged libel was true; and that, in arriving at this conclusion, he had been largely influenced by the failure of the plaintiff to testify; and found for the defendants. No exceptions were taken to the finding of the judge, or to any statement made by him in rendering his oral decision.

After the finding, the plaintiff moved for a new trial, upon the ground that the finding was against the law, and against the evidence and the weight of the evidence. At the hearing of this motion, the plaintiff's counsel contended, that the defendants' counsel ought not to have been allowed at the trial to comment upon the fact that the plaintiff did not testify in his own behalf, and that the judge ought not to have considered that fact in determining the question whether the truth of the charges in the alleged libel had been proved; and that, as matter of law, a new trial should be granted, because the defendants' counsel had so argued, and because the court had considered that circumstance in arriving at its decision.

No requests for rulings were made, and the judge reserved his decision. After the hearing, and before the decision, the

plaintiff's counsel claimed the right to file exceptions, if his motion should be denied.

The judge ruled, as matter of law, upon the facts above stated, that the plaintiff was not entitled to a new trial because the defendants' counsel had argued upon, or the judge had considered, the plaintiff's failure to testify in his own behalf, and denied the motion for a new trial. The plaintiff alleged exceptions.

*E. M. Johnson,* (*P. Webster* with him,) for the plaintiff.

*G. Stevens & C. Cowley,* for the defendants, were not called upon.

BY THE COURT. The omission of the plaintiff to testify in explanation of testimony against him, given by others in his presence, was a proper matter of consideration by the court and of comment by the opposing counsel.

If this were otherwise, the plaintiff should have taken his objection at the trial, and he could not raise the question for the first time upon a motion for a new trial, so as to make it the ground of an exception. *Caverly* v. *McOwen,* 126 Mass. 222.

*Exceptions overruled.*