## CORNELIUS P. SULLIVAN *vs.* BAR ASSOCIATION OF THE CITY OF BOSTON.

Suffolk.    March 17, 1898. — March 23, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Petition to establish the Truth of Exceptions — Matters within Discretion of Presiding Justice.*

Where the only exceptions set forth in a petition to establish the truth of exceptions are to the refusal of the court to hear an argument upon a motion for a

rehearing and to the order entering a final decree removing the petitioner (the respondent in the original case) from his office of attorney at law, the court is not bound to reconsider the facts, or to entertain or reconsider questions of law involved in the finding, in respect to which no exception was saved at the hearing.

PETITION, to establish the truth of exceptions. The Bar Association of the city of Boston had filed in the Superior Court a petition against the present petitioner, seeking for his removal from his office of attorney at law. The hearing was before *Dunbar,* J., who granted the petition, and entered an order of removal. The present petition to prove exceptions did not set forth that there was any request for rulings on matters of law, but an argument was addressed to the court, supported by citations of authorities, and a brief of the argument was handed to the court. There was no statement that the counsel desired to save any exception, or that the court understood that it was so desired. The decision was rendered June 15, 1896. After this the respondent (the present petitioner) moved for a rehearing, on the grounds that the finding was against the evidence and the weight of the evidence, and against the law. The court declined to hear an argument on this motion, and an exception was taken. The court then ordered a decree of removal from the bar to be entered, and an exception was taken.

*G. R. Swasey,* for the petitioner.

*H. W. Chaplin,* for the Bar Association, submitted the case without argument.

ALLEN, J. The only exceptions taken by the petitioner, which are set forth in the petition, were to the refusal of the court to hear an argument upon the motion for a rehearing, and to the order entering the final decree. After the decision of the case the court was not bound to reconsider the facts, or to entertain or reconsider questions of law involved in the finding, in respect to which no exception had been saved at the hearing. *Lowell Gas Light Co.* v. *Bean,* 1 Allen, 274. *Phillips* v. *Soule,* 6 Allen, 150. *Kidney* v. *Richards,* 10 Allen, 419. *Caverly* v. *McOwen,* 126 Mass. 222. *Commonwealth* v. *Morrison,* 134 Mass. 189. *Capron* v. *Anness,* 136 Mass. 271. *Lynch* v. *Peabody,* 137 Mass. 92. No exception to the entry of the final decree was open under the circumstances. The petition, therefore, sets forth no ground of exception, and must be                                   *Dismissed.*