LANTERMAN et al. v. DELAWARE, L. & W. R. CO. et al.

(District Court, D. New Jersey. February 9, 1916.)

1. MALICIOUS PROSECUTION ⬗34—TERMINATION OF PROSECUTION—NECESSITY
   OF FAVORABLE TERMINATION.
   Under the rule in New Jersey, it is not essential to the maintenance of
   an action for malicious prosecution, based on a prosecution seeking to
   have plaintiffs held to bail to keep the peace, that the criminal proceeding
   shall have terminated in plaintiffs' favor; and an action lies, even though
   plaintiffs have been required to give bail, as such a prosecution is ex
   parte, and the truth of the statements made by the complainant cannot be
   controverted, and the person against whom the complaint is made is afford-
   ed no hearing or opportunity to obtain a · favorable decision, but can
   merely attack the sufficiency of the complaint, and not its truth.
   [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 70;
   Dec. Dig. ⬗34.]

2. MALICIOUS PROSECUTION ⬗24, 51—WANT OF PROBABLE CAUSE—RESULT OF
   PROSECUTION.
   As proceedings to have plaintiffs held to bail to keep the peace were
   ex parte, and plaintiffs were afforded no opportunity to controvert the
   truth of the charges made against them, the fact that they were placed
   under bonds to keep the peace afforded no evidence of probable cause in
   an action for malicious prosecution, and a complaint alleging that the
   order requiring them to give bonds was procured through the false testi-
   mony of one of the defendants, and that the charge was in fact false, and
   made without reasonable or probable cause, was sufficient, though it
   showed that they were required to give bail.
   [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§
   49–55, 98, 99; Dec. Dig. ⬗24, 51.]

At Law. Action by U. S. Grant Lanterman and another against
the Delaware, Lackawanna & Western Railroad Company and another.
On motion to strike out complaint. Motion denied.

William C. Gebhardt, of Jersey City, N. J., and William H. Mor-
row, of Belvidere, N. J., for plaintiffs.
Frederic B. Scott, of Jersey City, N. J., for defendants.

HAIGHT, District Judge. This is an action for malicious prosecu-
tion, based upon a complaint presented to a justice of the peace by
the defendant Lunger, at the alleged direction of the other defend-
ant, the Lackawanna Railroad Company, charging the plaintiffs with
threats to do Lunger bodily harm, whereby he had been put in fear
of his life. It is alleged that by reason of the charge so made a
warrant was issued, and by virtue thereof the plaintiffs were arrested
and brought before the justice, who thereupon, by reason of false tes-
timony given by Lunger and others, required each of the plaintiffs to
enter into a recognizance to keep the peace; that they did not do so,
and were thereupon committed to the Warren county jail, where they
were imprisoned for three days. It is also alleged that the charge
was false, and that it was made from motives of malice and without
reasonable or probable cause. The objection to the complaint is that

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

it fails to set forth a cause of action: (1) Because it contains no allegation that the prosecution has terminated in the plaintiffs' favor; and (2) because it appears on the face of the complaint that the prosecution was based on reasonable and probable cause.

[1] The first alleged defect would unquestionably be fatal, were this an ordinary suit for malicious prosecution, because an essential element of such an action is that the criminal prosecution shall have terminated in favor of the plaintiff. But in this respect an action based on a prosecution which sought to have the plaintiff held to bail to keep the peace, such as that complained of in this case, is an exception to the general rule; and in such cases it is not necessary that the criminal proceeding shall have terminated in the plaintiff's favor, and an action lies, even if he has been required to give the bail. Apgar v. Woolston, 43 N. J. Law, 57, 65; Steward v. Gromett, 7 Com. Bench (N. S.) 191 (141 Eng. Rep. Full Repr't, 788); Castrique v. Behrens, 3 El. & El. 709, 721 (121 Eng. Rep. Full Repr't, 608, 613). The reason for this exception is that such a prosecution is ex parte, and the truth of the statements made by the complainant cannot be controverted, and therefore the person against whom the complaint is made is afforded no hearing or an opportunity to obtain a favorable decision. All that he can do is to attack the sufficiency of the complaint, but not its truth. As startling as this statement, regarding the rights of a person against whom proceedings to hold to bail are instituted, may seem, it is undoubtedly the rule of the common law. Steward v. Gromett, supra; The King v. Doherty, 13 East, 171 (104 Eng. Rep. Full Repr't, 334); Lord Vane's Case, H. 17 Geo. II (reported in full in note in 104 Eng. Rep. Full Repr't, 334); The King v. Bringloe, M. 7 Geo. II (reported in note 104 Eng. Rep. Full Repr't, 336); The King v. Stanhope, M. 6 Geo. IV (reported in full in note 113 Eng. Rep. Full Repr't, 949); The Queen v. Dunn, 12 Ad. & E. 599 (113 Eng. Rep. Full Repr't, 939). The only case apparently opposed to this rule, to which my attention has been called, is Rex v. Parnell, 2 Burr. 806 (97 Eng. Rep. Full Repr't, 572), decided in 1759. But, if that case is so opposed, it is clearly contrary to the great weight of authority of the English courts. Moreover it can probably be distinguished from them because of the peculiar facts there presented.

I cannot find that the above rule of the common law has been changed by statute in New Jersey. It was considered to be the rule in this state when Apgar v. Woolston, supra, was decided. It follows, therefore, that it was not necessary for the plaintiffs to have alleged in their complaint a termination, favorable to themselves, of the criminal proceedings alleged to have been instituted against them by the defendants.

[2] This, likewise, disposes of the second supposed defect of the complaint, because, as the proceedings before the justice of the peace were ex parte, and the plaintiffs were afforded no opportunity to controvert the truth of the charges made against them, the fact that they were placed under bonds to keep the peace affords no evidence of probable cause. The complaint alleges that the order requiring the plaintiffs to give bonds was procured through false testimony given

by the defendant Lunger, and others, and that the charge was in fact false, and was made without reasonable or probable cause.

The motion to strike out the complaint will therefore be denied, with costs.