W. L. JERNIGAN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed January 23, 1922.

Where an indictment charges a forgery "with intent to injure and defraud F. and some other person or persons to the grand jurors unknown," and the proof shows that F. had no interest in and could not have been injured or defrauded by the forgery, and no intent to injure any other person is shown, a judgment of conviction will be reversed.

A writ of Error to a Judgment of the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Judgment reversed.

*W. W. Clark,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

PER CURIAM.—The indictment herein charges that the alleged forgery, by endorsement of a county warrant that was payable to Henry Farrington, who had been employed by the accused to work for the county on the public roads, was committed or uttered by the accused "with intent to injure and defraud Henry Farrington and some person or persons to the grand jurors unknown." The proofs show that the endorsement by the accused of Farrington's name on the warrant, and the collection of the money could not have injured Farrington, since the accused had before the warrant was issued paid Farrington all the county owed him and no intent to injure any other person is shown. If the warrant was at the instance of the defendant drawn for an amount in excess of the county's indebtedness to Farrington, proof thereof would not sustain the charge as made. For the failure to prove an essential element of the offense as alleged, the judgment must be and is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.