J. W. AKIN, *Plaintiff in Error*, v. THE STATE OF FLORIDA,
*Defendant in Error*.

Opinion Filed December 20, 1923.

1. Generally an indictment for forgery is sufficient when the
   offense is charged with such degree of certainty as would
   enable one of common understanding to know what is in-
   tended, to enable the court to pronounce a proper judgment
   in case of conviction, to advise the defendant fully as to his
   defense; and sufficient facts constituting the offense should
   be charged that the acquittal or conviction may be pleaded
   in the event of a subsequent prosecution for the same offense.

2. An indictment on a statute will not be quashed on the ground
   that it charges no crime if it charges the offense substan-
   tially in the language, although not in the exact words of the
   statute.

3. At common law indictments for felonies should allege the
   acts constituting the crime to have been feloniously done; but
   in consequence of the (constitutional and) statutory provi-
   sions of this State, the failure to allege that the criminal
   acts charged were feloniously done does not affect the va-
   lidity or sufficiency of the indictment, when not required by
   the statute defining the offense.

4. It is the duty of the trial judge, whether requested or not, to
   check improper remarks of counsel to the jury, and to seek
   by proper instructions to the jury to remove any prejudicial
   effect they may be calculated to have against the opposite
   party, a verdict will not be set aside by an Appellate Court

because of such remarks or because of any omission of the judge to perform his duty in the matter, unless objection be made at the time of their utterance. This rule is subject to the exception that if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence, in which event a new trial should be awarded regardless of the want of objection or exception.

5. In argument to the jury counsel for all parties are restricted to the evidence and reasonable deductions therefrom, but within this rule they have a very wide discretion.

6. Any attempt to pervert or misstate the evidence or to influence the jury by the statement of facts or conditions not supported by the evidence should be rebuked by the trial court and if by such misconduct a verdict was influenced, a new trial should be granted.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Marion County; W. S. Bullock, Judge.

Judgment reversed.

*R. B. Bullock* and *R. A. Burford,* for Plaintiff in Error

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

TERRELL, J.—In January, 1922, J. W. Akin was tried and convicted for forgery in Marion County on an indictment the essential parts of which are as follows:

"In the Circuit Court of the Fifth Judicial Circuit of the State of Florida, for Marion County, at the fall term thereof, in the year of Our Lord One Thousand Nine Hundred and 21, Marion County, to-wit:

IN THE NAME AND BY AUTHORITY OF THE
    STATE OF FLORIDA:

The grand jurors of the State of Florida, enquiring in
and for the body of the County of Marion, upon their oaths
do present that J. W. Akin, whose christian name is to the
grand jurors unknown late of the County of Marion afore-
said in the Circuit and State aforesaid, laborer, on the
25th day of September in the year of Our Lord One Thou-
sand Nine Hundred and twenty-one with force and arms
at and in the County of Marion aforesaid, did falsely make,
forge and counterfeit the endorsement of the signature of
Will Taylor on the back of a certain written order for
money of the tenor following, to-wit:

No. 56189                                                   $7.00
Voucher cash                          City of Ocala,
                          Marion County, State of Florida,
                                   Sept. 24, 1921.
Pay to the order of Will Taylor,
The sum of Seven and no/00 Dollars.
For Sanitary labor.
Allowed by Council........19.....  Charge to general
funds.
To the Treasurer of the City of Ocala.
H. C. SISTRUNK, Clerk,    A. T. THOMAS, President.
Across the end.: Receivable for all dues to the City.
Endorsed on the back thereof: Will Taylor.
with the intent then and there to injure and defraud Will
Taylor, City of Ocala, a municipal corporation under the
laws of the State of Florida, and divers other persons to
the grand jurors unknown.''

The sufficiency of this indictment was tested by a motion
to quash and by a motion in arrest of judgment, the grounds
of both motions being in effect that (1) The said indictment
charges no crime under the laws of Florida; (2) Section

5206, Revised General Statutes of Florida, punishing forgery has no application when the alleged forgery relates to the indorsement of an order for money; (3) It is not affirmatively alleged in the said indictment that the order for money set out therein was feloniously or falsely made, altered, forged or counterfeited.

The motion to quash and the motion in arrest of judgment were both overruled by the trial court, and his order is made the basis of the first and second assignment of error.

Section 5206, Revised General Statutes of Florida, 1920, defining and punishing forgery is as follows: "Whoever falsely makes, alters, forges or counterfeits a public record, or a certificate, return or attestation of any clerk or register of a court, public register, notary public, justice of the peace, town clerk or any public officer, in relation to a matter wherein such certificate, return or attestation may be received as legal proof; or a charter, deed, will, testament, bond, or writing obligatory, letter of attorney, policy of insurance, bill of lading, bill of exchange or promissory note, or an order, acquittance, or discharge for money or other property, or an acceptance of a bill of exchange or promissory note for the payment of money, or any receipt for money, goods or other property, or any passage ticket, pass or other evidence of transportation issued by a common carrier, with intent to injure or defraud any person, shall be punished by imprisonment in the State penitentiary not exceeding ten years, or in the county jail not exceeding one year."

Generally an indictment for forgery is sufficient when the offense is charged with such degree of certainty as would enable one of common understanding to know what is intended, to enable the court to pronounce a proper judgment in case of conviction, to advise the defendant fully as

to his defense; and sufficient facts constituting the offense should be charged that the acquittal or conviction may be pleaded in the event of a subsequent prosecution for the same offense. 12 R. C. L. p. 154, par. 18.

Under the rule as prescribed by this court an indictment on a statute must charge the offense in the language of the statute, or in language of equivalent import. Cook v. State, 25 Fla. 698, 6 South. Rep. 457; Roberts v. State, 26 Fla. 360, 7 South. Rep. 861; Schley v. State, 48 Fla. 53, 37 South. Rep. 518; Hollingsworth v. State, 73 Fla. 44, 75 South. Rep. 612. An indictment on a statute will not be quashed on the ground that it charges no crime if it charges the offense substantially in the language, although not in the exact words, of the statute. Jackson v. State, 26 Fla. 510, 7 South. Rep. 862.

At common law indictments for felonies should allege the acts constituting the crime to have been feloniously done; but in consequence of the constitutional and statutory provisions of this State, the failure to allege that the criminal acts charged were feloniously done does not affect the validity or sufficiency of the indictment, when not required by the statute defining the offense. McCaskill v. State, 55 Fla. 117, 45 South. Rep. 843; Riggins v. State, 78 Fla. 439, 83 South. Rep. 267; State v. Murphy, 17 R. I. 698, 24 Atl. Rep. 473, 16 L. R. A. 550.

An inspection of the indictment in the light of the foregoing decisions and the statute as quoted in this opinion discloses that the indictment charges the offense substantially in the language of the statute, that the statute (Sec. 5206, Rev. Gen. Stats. of Fla.) covers the forgery of an endorsement of an order for money and since the offense is charged substantially in the language of the statute and the statute does not carry the word "feloniously," it is not necessary to allege that the offense was feloniously committed.

The order overruling the motion to quash and the motion in arrest of judgment was not error. Smith v. State, 29 Fla. 408, 10 South. Rep. 894; King v. State, 43 Fla. 211, 31 South. Rep. 254; Turnipseed v. State, 45 Fla. 110, 33 South. Rep. 851; Miller v. State, 71 Fla. 338, 71 South. Rep. 280; Jernigan v. State, 83 Fla. 74, 90 South. Rep. 699; Poage v. State, 3 Ohio St. 229; 12 R. C. L. 141; 26 C. J. §16, p. 921; United States v. Jolly, 37 Fed. Rep. 108; Fry v. State, 78 Tex. Cr. Rep. 435, 182 S. W. Rep. 331, 332; Saucier v. State, 102 Miss. 647, 59 South. Rep. 858; Crossland v. State, 77 Ark. 537, 92 S. W. Rep. 776.

The third, fourth, seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth assignments of error all challenge the refusal of the court to admit evidence tending to establish the identity of Will Taylor, in whose name the warrant or order in question was drawn and across the back of which it is alleged the name of the said Will Taylor was forged.

The prosecution in this case proceeded generally on the theory that there was no such person as the "Will Taylor" in whose name the forged order or city warrant was drawn. The defendant had no defense except that the said "Will Taylor" was a bona fide person, that the forged order or warrant was for labor performed on the part of the said "Will Taylor" for the city of Ocala, and that defendant Akin was authorized to endorse the said order or warrant in the name of Will Taylor and collect the proceeds thereof.

The State introduced as a witness a negro named "Will Taylor" who worked for the city "year before last" according to his evidence. He was not shown to have any right to the warrant or order that was forged, yet he was allowed to testify that he did not authorize the defendant Akin to endorse it for him. On cross-examination it developed that this witness did not work for the city in Sep-

tember, 1921, when the said warrant was drawn, and the city of Ocala in fact owed him nothing at this time. His testimony was improper and should have been stricken. The testimony of the witness Sam Wesley for the city of Ocala, to the effect that in the fall of the year before the trial "a brown skinned man" that he did not know personally, but who went by the name of "Will Taylor" worked with Mr. Akin, the defendant, in the sewer, was competent and should have gone to the jury. This evidence was stricken on the ground that it was hearsay.

The evidence of the witnesses Parrish, Simmons, McKenzie and Batts as objected to by the State was also improperly excluded. This court is not attempting to deal with each of the foregoing assignments in detail. It is possible that some of them when considered alone are not well grounded, but on the whole they are founded on the admission or rejection of evidence that worked to the prejudice of the defendant and had the effect of depriving him of material defense.

The fifth and sixth assignments allege error in the admission in evidence of twenty-one weekly payrolls and "several warrants of the city of Ocala issued in favor of Will Taylor other than the warrants on which the indictment was based."

Circumstances could have arisen in which these payrolls and warrants would have been admissible to prove the intent of the defendant in the commission of the forgery with which he was charged, but as proof of the commission of the act of forgery with which defendant was charged they were improperly admitted.

The fourteenth assignment of error is based on the denial of defendant's motion for new trial. All the grounds of the motion for new trial have been covered in this opinion except the seventh, which is addressed to certain

remarks of the State Attorney in his closing argument to the jury. The remarks of the State Attorney objected to were as follows:

(1) "This defendant has other indictments pending against him in connection with these transactions. I do not intend to try the other cases, and it is up to you as to whether you will let this man go scott free and say that he has not committed any wrong. If he is convicted he would probably only have to pay a small fine, and it is in the power of the court to fine him not more than five cents, if he wanted to."

(2) In commenting upon the investigation made by the city council of Ocala, of the charges made against the defendant, and the exoneration of Mr. Akin by the city council, the statement of the State Attorney was substanitally as follows:

"This was a mere white-washing investigation, and there was something rotten with the whole bunch. Who has exonerated the city council? Every one of them who ran in the last election was overwhelmingly defeated by the people of Ocala."

(3) "The grand jury has brought in this indictment. I am not afraid to discharge my duty, and you must do yours. If you do not convict this defendant, I had just as well throw up my job and go home."

(4) "Just look at the defendant's counsel. See how nervous and uneasy he is, and well he may be uneasy and nervous with such a case made out against his client."

Remark No. 1 incorrectly interpreted the law to the jury as the punishment for forgery is "imprisonment in the State penitentiary not exceeding ten years, or in the county jail not exceeding one year." The court could impose an imprisonment anywhere within this limitation, but he has no discretion to impose a fine of not more than

five cents on defendant in lieu of the imprisonment. In addition to misinterpreting the law, we fail to find any basis in the record for remarking to the jury that there were other indictments pending against the defendant which would not be prosecuted.

Remark No. 2 is without foundation in the record or any reasonable deduction from the record, and in view of the bitter feeling and factionalism that is often engendered as the result of what is commonly spoken of as a hot municipal campaign which had only recently been gone through with at Ocala with the result as indicated by the prosecuting attorney and the ''whitewashing'' of defendant being one of the issues, such remarks were well calculated to prejudice the rights of the defendant.

Remark No. 3 is in the nature of a challenge or command to the jury to do their duty, which duty was to convict the defendant, the grand jury having brought in the indictment and he (the State Attorney) having discharged his duty in prosecuting the same. Stating the matter a little differently, this remark in effect announced to the jury that everybody connected with this prosecution has done his full duty, now its up to you to do yours by bringing in a conviction. This court does not pass on the guilt or innocence of the defendant, but regardless of this consideration when he enters a court of justice to answer for the commission of an alleged crime he is entitled to the protection of the law, which means a fair and impartial trial, and this he has not had when prejudicial and unwarranted remarks and considerations like the foregoing are submitted to the jury.

With reference to Remark No. 4 the same comment is pertinent.

The law seems to be well settled that it is the duty of the trial judge, whether requested or not, to check improper

remarks of counsel to the jury, and to seek by proper instructions to the jury to remove any prejudicial effect they may be calculated to have against the opposite party, a verdict will not be set aside by an appellate court because of such remarks or because of any omission of the judge to perform his duty in the matter, unless objection be made at time of their utterance. This rule is subject to the exception that if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence, in which event a new trial should be awarded regardless of the want of objection or exception. State v. Blackman, 108 La. 121, 32 South. Rep. 334; Robbins v. State, 47 Tex. Cr. Rep. 312, 83 S. W. Rep. 690; Jenkins v. State, 49 Tex. Cr. Rep. 457, 82 S. W. Rep. 726; Melvin v. Easley, 1 Jones' Law (46 N. C.) 386, 62 Am. Dec. 171; Taft v. Fiske, 140 Mass. 250, 5 N. E. Rep. 621; Croom v. State, 90 Ga. 430, 17 S. E. Rep. 1003; Lynch v. Peabody, 137 Mass. 92; King v. State, 91 Tenn. 617, 20 S. W. Rep. 169; Heucke v. Milwaukee City Ry. Co 69 Wis. 401, 34 N. W. Rep. 243; Price v. Commonwealth, 77 Va. 393; 2 R. C. L. par. 39, p. 440; 2 Ency. Pl. & Pr. p. 753, and many citations thereunder.

. In the case at bar no attempt seems to have been made to check the improper remarks of the State Attorney by the trial court and they were not properly excepted to by the defendant, nor does it fully appear that they came within the exception to the rule as above announced. It is proper to state, however, in addition to what has already been said in this connection that these remarks have no basis in the record, should never be indulged in trial courts and would ordinarily be ground for reversal.

As was said by this court in Washington *et al.* v. State, decided this term, the prosecuting attorney occupies a semi-judicial position. He is a sworn officer of the gov-

ernment with no greater duty imposed on him than to preserve intact all the great sanctions and traditions of the law. It matters not how guilty a defendant in his opinion may be, it is his duty under oath to see that no conviction takes place except in strict conformity to law. His primary considerations should be to develop the facts and the evidence for the guidance of the court and jury, and not to consider himself merely as an attorney of record for the State, struggling for a verdict.

In argument to the jury counsel for all parties are restricted to the evidence and reasonable deductions therefrom, but within this rule they have a very wide discretion. As was said in Mitchum v. State, 11 Ga. 615, text 631, "His illustrations may be as various as are the resources of his genius; his argumentation as full and profound as his learning can make it; and he may, if he will, give play to his wit, or wing to his imagination. To his freedom of speech, however, there are some limitations." Any attempt to pervert or misstate the evidence or to influence the jury by the statement of facts or conditions not supported by the evidence should be rebuked by the trial court and if by such misconduct a verdict was influenced a new trial should be granted. Clinton v. State, 53 Fla. 98, 43 South. Rep. 312; Bradham v. State, 41 Fla. 541, 26 South. Rep. 730; 3 Wharton's Crim. Proc. p. 1496.

For the reasons stated in this opinion the judgment of conviction is reversed and a new trial granted.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND BROWNE, J., concur in the opinion.

ELLIS, J., Dissents.