FRANCIS J. KERR *et al. vs.* NELLIE McKENNA.

JANUARY 28, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J. This is a bill in equity to cancel and set aside a deed to the respondent executed and delivered by Annie M. Shanley a short time prior to her death. The

cause was heard on bill, answer and proof before a justice of the Superior Court, and at the conclusion of the testimony, the bill was denied and dismissed. From the final decree denying and dismissing the bill, the complainants have appealed to this court.

The complainants, who reside in California, are cousins and heirs at law of the deceased grantor. The respondent was not related to the deceased, but was a friend and neighbor. The deceased had no close relatives living in Rhode Island and communicated infrequently with her relatives in California. She lived alone in her own home during the last few years of her life, but about a year before her death her health became poor and she went to live with a relative in East Providence. She stayed at this relative's home about two months and then went to live with the respondent in Providence, a short distance from her own home. This was some time in March, 1933. While at the respondent's home, her illness grew steadily worse, until she became entirely helpless. The respondent attended her constantly and it is not denied that the deceased became a great care. Although she was physically helpless, the testimony is all to the effect that her mind remained clear and active to the end. She was described by witnesses for the complainants, as well as for the respondent, as a woman of strong mind, and not easily influenced against her will. There was no testimony indicating or tending to prove that she suffered any mental deterioration as a result of her long illness.

On May 5, 1933, about two months after going to live at the respondent's house, Mrs. Shanley made a will leaving the real estate in question to Francis J. Kerr, one of the complainants, and appointing Nellie McKenna, the respondent, her executrix. The will was drawn by Mrs. Shanley's attorney, who had served her on a previous occasion in a matter connected with the transfer of certain property belonging to her, and who later drew the deed of this real estate and attended to the execution and delivery

of the same to the respondent. This deed was executed and delivered on January 8, 1934, and purported to convey to the respondent the real estate which had been previously devised to Francis J. Kerr. On the day that the deed was executed and delivered, Mrs. Shanley was a very sick woman and was extremely weak physically. The uncontradicted testimony is, however, that she was then as mentally alert and well as ever. About a week later she sank into a coma and died on January 17, 1934.

It appeared from the testimony that the deceased desired to deed this real estate to the respondent because she had been so kind and helpful to her in her illness, and as some recompense to the respondent for the care and trouble the deceased had been to the respondent during the last few months of her illness.

Before drawing the deed, her attorney consulted with her privately and at some length on the matter and pointed out that she had already devised the real estate to her cousin, Francis J. Kerr, and that in any event it was of comparatively small value. He inquired of the deceased why she wanted to make this deed under these circumstances and she replied that, while she felt very kindly toward her cousin, nevertheless, she could not forget the devotion and care that Miss McKenna had given her, and that, were it not for this attention, she would not have lived as long as she had lived. She said that Miss McKenna had virtually taken her off the street and that she felt under obligation to her.

On this state of the evidence, the complainants argued to the trial justice that a relation of trust and confidence was shown to exist between the deceased and the respondent, and that under such circumstances, there was a *prima facie* presumption that the deed was void.

The trial justice, in denying the complainant's bill, conceded that there was something in the nature of a confidential relationship existing at the time of the delivery of the deed, but said that he felt that the testimony of re-

spondent's attorney had overcome any presumption of invalidity of the deed arising from the mere fact of such relation. At the insistence of complainants, he also specifically found that the burden resting upon the respondent had been sustained.

There does not appear to be any dispute here about the general proposition that, where the circumstances are such as to suggest fraud or undue influence, the burden is on the donee to overcome the presumption of fact arising therefrom, that the gift is void. The burden of proving the gift under such circumstances is clearly upon the one receiving the gift. *Union Trust Co.* v. *Davies*, 53 R. I. 63, 66. The difference in the instant case arises over the contention of the complainants that this burden is not discharged if the person claiming the gift refuses to testify. The respondent was not called to testify in her own behalf, although she was present in the courtroom.

The complainants, in support of this contention, seem to rely wholly upon certain language used by this court in *Huebel* v. *Baldwin*, 45 R. I. 40, at page 45, as follows: "The relations between Mrs. Muenchinger and Mr. Baldwin were very intimate and confidential. He had the opportunity and it may be the inclination to impose his will upon the testatrix. This result may have been accomplished indirectly by subtlety rather than directly and by coercion. The circumstances are suspicious and such as called for some explanation. The only witness capable of making any explanation and giving direct evidence in regard to the issue was Baldwin. He was in the court room and available as a witness. His failure to testify in regard to facts vital to the issue and some of which were known only to him, warrants an inference unfavorable to him and to his claims. The jury properly might infer that the failure to call an available and material witness by the party who naturally is expected to produce such witness was an admission that the testimony of such witness would be unfavorable. So, in the case at bar, the failure of a

party to the action, who is present in court, to testify in explanation of testimony adverse to him may properly be considered by either court or jury as an admission of either inability or unwillingness to meet the issue. *Lynch* v. *Peabody et al.,* 137 Mass. 92."

This does not, in our opinion, sustain the complainants' contention. It will be observed that the court in that case was dealing with an inference properly to be left to the consideration of the jury. The trial justice had denied the jury that prerogative by directing a verdict for the defendant Baldwin, who was the proponent of, and sole beneficiary under, the will of the testatrix. The case does not give any support to the contention of the complainants that the respondent, in a cause such as the instant cause, must personally testify to overcome the presumption of invalidity of the deed that arises by the mere fact of the confidential relation existing between the respondent and the deceased.

The trial justice, in the instant cause, had called to his attention the failure of the respondent to testify and gave consideration to that circumstance in reaching his decision. He was not bound as a matter of law to hold that respondent's failure to testify left the presumption of invalidity of the deed unrebutted, notwithstanding other evidence in the cause which clearly indicated to him that no undue influence had been exercised over the mind of the deceased grantor. He heard all the evidence, saw the witnesses on the stand and noted their demeanor while testifying, including the respondent, who was called to the stand by the complainants for a brief examination, that was confined to a phase of the cause not bearing on the transfer of the real estate.

The failure of the respondent to testify on the main question in issue was stressed in the argument before the trial justice. Nevertheless, he has found that there was no proof of undue influence, and has further specifically found, at the request of the complainants, that the burden

resting upon the respondent, by reason of the circumstances surrounding the execution and delivery of the deed, has been sustained. Unless he is clearly wrong or his decision fails to do justice between the parties, his findings will not be disturbed by this court. *Simeone* v. *Antonelli*, 52 R. I. 41.

On a careful review of all the evidence, we think the findings of the trial justice are not clearly wrong but rather that the evidence clearly supports his decision.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Superior Court for further proceedings.

*Peter L. Cannon, James E. Brothers,* for complainants.
*Cooney & Cooney,* for respondent.