HOBSON, Justice.
Defendant appeals from a conviction of first degree murder without recommendation of mercy.
The assignment of errors is directed to denial of a motion for directed verdict at the close of the State’s case and denial of a motion for new trial. It is not sufficiently specific to comply with Rule 32 of the current Supreme Court Rules, 31 F.S.A., which Rule was in effect when appellant’s notice of appeal was filed, but in view of the nature of the case we have perused the record with care and have considered the points which appellant seeks to raise.
Although appellant does not specifically contend that the evidence is insufficient, we have reviewed it as required by F.S. Sec. 924.32, F.S.A. The deceased, Starreatha Rhone, was the wife of appellant. They had separated, and the wife had gone to Ocala, where her parents resided, while her husband remained in Clearwater. On the day of the killing appellant left Clearwater, proceeded to Ocala, and, upon inquiry, discovered that his wife was employed at a laundry there. He proceeded to the laundry and after a brief conversation with his wife stabbed her some eighteen times with a large knife which he had carried upon his person. His wife attempted to flee or seek protection, but he pursued her, continuing to inflict mortal wounds. This brutal murder was accomplished in the presence of several *81 eyewitnesses, who testified for the State. Just after the crime was committed, defendant stated in the presence of two witnesses that he had done what he came to do.
There is abundant evidence to sustain the verdict, and the jury was carefully instructed. Although appellant contends that it was error to deny a requested instruction that a defendant charged with murder in the first degree carries a presumption of innocence as to every element of such charge, we find that this instruction was sufficiently covered in the charge given. See Goddard v. State, 143 Fla. 28, 196 So. 596.
Appellant further contends that certain remarks of the prosecutor during closing argument were improper, but the record shows that they were permitted to be made without objection by defense counsel. We have reviewed these remarks in the context in which they were made, and we are of the opinion that they are not “of such character that neither rebuke nor retraction may entirely destroy their sinister influence *." Akin v. State, 86 Fla. 564, 98 So. 609, 612, and consequently, absent an objection, we find no reversible error. See Tillman v. State, Fla., 44 So.2d 644.
Finally, appellant contends that it was error for the sheriff, who also acted as bailiff of the court, to be permitted to testify as a witness for the State, although no objection was made to his testimony. In this connection, appellant relies upon Owens v. State, 68 Fla. 154, 67 So. 39, 40. In that case a deputy sheriff, who also acted as bailiff, was in charge of the jury for two nights, had supper with them both nights, and gave material testimony against two defendants as a witness for the State. Two other deputy sheriffs associated with the jury during the trial, and one of them had appeared to be communicating with the Assistant State’s Attorney while the trial was in progress. .The evidence was conflicting upon material points. We reversed the judgment under these circumstances because of the conflict of evidence and because it plainly appeared “that some of the deputies of the sheriff had acted in an irregular and improper manner while in charge of the jury and, it would seem, were overzealous for the prosecution * * * ”
In the instant case, there is no conflict in the evidence upon material points and the testimony of the sheriff was limited to the identification and explanation of some photographs of the locus of the crime and the statement that appellant did not appear to believe that his wife was dead when the sheriff informed him that such was the fact. The sheriff was not a material witness, and his testimony could not have been harmful to the appellant. Indeed, appellant is unable to point out any way in which he has been prejudiced, and merely asserts that it was reversible error to permit the sheriff to give any testimony when he had had the jury in charge “from time to time during the course of the trial”.
A substantially identical situation confronted us in Moseley v. State, Fla., 60 So.2d 167, wherein the Owens case was relied upon by appellant. We affirmed the judgment, observing that it did not appear from the record that appellant was prejudiced in any way by the procedure complained of. Implicit in our opinion in the Moseley case is the principle, which we now state, that the mere fact that an officer has a jury in charge, without more, does not disqualify him from being a witness in the case, and whether or not such procedure will constitute reversible error depends upon the facts and circumstances disclosed by the record. See 53 Am.Jur., Trial, Sec. 858, and cases cited.
It follows that the judgment appealed from must be, and it is hereby, affirmed.
TERRELL, C. J., and ROBERTS, DREW, THORNAL and O’CONNELL, JJ-, concur.
THOMAS, J., not participating.