PEARSON, TILLMAN, Chief Judge.
The determinative question presented by this appeal is whether a judgment for the: *759 plaintiff in an action for malicious prosecution can stand upon the facts of this case. Ralph Oliver, who is appellant here, was defendant in the trial court. He appeals a final judgment entered pursuant to a jury-verdict for the plaintiff-appellee, Marvin Haspil.
After an altercation in which Oliver claimed he was threatened by Haspil, Oliver went to the office of a justice of the peace and made an affidavit for a peace warrant against Haspil.[1] The warrant was issued and thereafter a hearing was had. The justice of the peace wrote on the file jacket, “Suspend order posting bond and charge costs to defendant.” A week later the justice of the peace dismissed the cause. Haspil instituted the instant action for malicious prosecution and joined a count for conversion of personal property which had been involved in the altercation. The jury found for Haspil and assessed damages upon both counts.
Upon this appeal Oliver urges that the court should have directed a verdict upon the count for malicious prosecution because a peace warrant is not designed to punish or bind over to a higher court. He also urges that the evidence fails to show the essential element of malice.
The elements necessary to maintain an action for malicious prosecution have recently been reiterated in Hopke v. O’Byrne, Fla.App.1963, 148 So.2d 755. Thus it is necessary to determine, first, whether a proceeding for peace bond will support an action for malicious prosecution; and, second, whether the essential elements set forth in the Hopke case, supra, exist in the instant case.
The Florida Statute concerned is § 37.21, Fla.Stat., F.S.A., which deals with the power of the justice of the peace to bind one over on a peace warrant. The statute itself sets out that after an affidavit is made by a person having reason to believe and believing that he will suffer personal violence at the hands of another, the justice of the peace will issue a warrant for the arrest of the party against whom affidavit has been made to bring that person before him; and if after a full and thorough examination he shall have reason to believe that there is just cause for the complaint, he shall bind the person so arrested over by bond. As a result of a hearing on the complaint of Oliver that Haspil (appellee herein) had threatened the life of both him and his family, a previous order posting bond and charging costs to Haspil was suspended. Therefore, it seems that Haspil was put under bond in an ex parte proceeding, since at the hearing on the matter the bond was suspended.
 A reading of the statute providing for bonds to keep the peace (footnote 1) leads us to the conclusion that these proceedings are quasi-criminal in nature. By the terms of the statute, Haspil would be required to post a bond in order to avoid jail if it were determined that there was just cause for the complaint. This being the case, the termination in favor of the accused by the discharge of such a proceeding provides a basis for the action of malicious prosecution if the other necessary elements *760 are present. Restatement, Torts § 659a (1938). See Lanterman v. Delaware L. & W. R. Co., 229 F. 770 (D.C.N.J.1916).
Having reached the conclusion that statutory peace-bond proceedings can be the basis for a complaint in malicious prosecution, we must now consider two of the elements necessary to support this latter action. The first is a termination in favor of the accused — now plaintiff in the malicious prosecution suit. It will be noted that the actions of the justice of the peace in this regard were not clear-cut. He testified that his file showed “Suspend order posting bond and charge costs to the defendant,” and that he “dismissed the charges.”
 In this record on appeal, we do not have the benefit of a copy of the record of the proceedings in the justice of the peace court. The defendant in the malicious prosecution suit, appellant herein, produced the justice of the peace as a witness. Over the objection of the plaintiff, he was allowed to testify as to why the peace-bond proceedings were dismissed.[2] It thus appears that the appellant did not stand upon the record, but chose to submit the question to the jury upon the testimony produced. Under these conditions, we do not feel justified in taking the question from the jury.
Want of probable cause for initiating the peace-bond proceedings is the second essential element of malicious prosecution which we consider. It is clear that not every dismissal of a petition for a peace warrant will afford a basis for an action for malicious prosecution. Such a dismissal might well be upon a finding that even though the petitioner had probable cause for his fears, he was mistaken.
In the instant case, the issue of probable cause was tried upon testimony of the parties as to all their dealings and upon the statement of the justice of the peace that he made no determination of the issue. Therefore, under the particular circumstances of this case, we find that there was a basis in the evidence for the submission of the issue to the jury.
We have reviewed the record in the light of appellant’s further contention that no evidence of malice exists, and we find sufficient evidence in the record to support the verdict.
Affirmed.

. Section 37.21., Fla.Stat., F.S.A.
“37.21 Justice may bind over to keep the peace. After an affidavit is made before any justice of the peace by any person that he has reason to believe, and does believe, that he will suffer personal violence at the hands of another, he shall issue his warrant for the arrest of the party against whom the affidavit has been made, commanding the officer into whose hands the warrant has been placed, to bring the said person against whom the warrant has issued before him, and if, after a full and thorough examination, he shall have reason to believe, from evidence produced before him, that there is just cause for said complaint, he shall bind the person so arrested over by bond, with two or more good and sufficient sureties, said bond to be approved by the justice, for one year, to keep the peace, and, upon failure of said person to give bond as aforesaid, he shall commit such person to jail until the required bond is given, but the said commitment shall not be for more than three months.”

. It was error to admit the testimony, but the error was induced by the' appellant. We must take the record as we find it, subject to assignments of error filed and argued. Proceedings in another court are properly proved by certified or exemplified copies of the records of that court. See 9 Wigmore, Evidence § 2450 (3d ed. 1940) and cases in footnote 1 thereof.