363 So.2d 588 (1978)
Loretta J. CLAY and Kenneth C. Clay, Her Husband, Appellants,
v.
R.L. THOMAS, Orange Memorial Hospital Association, Inc., a Florida Corporation, Phoenix Assurance Company, a Foreign Corporation, H.P. Raymond, Employers Fire Insurance Company, a Foreign Corporation, and Edward G. Marmol, Appellees.
Nos. 77-110, 77-111.
District Court of Appeal of Florida, Fourth District.
October 25, 1978.
*589 Leonard N. D'Aiuto of D'Aiuto, Walker & Buckmaster, Orlando, for appellants.
J. Richard Caldwell, Jr. of Pitts, Eubanks, Ross & Rumberger, Orlando, for appellees  Orange Memorial Hospital Association, Inc., Phoenix Assurance Company and Edward G. Marmol.
LETTS, Judge.
The only point on appeal, with merit, concerns the improper conduct of defense counsel which appellants claim denied them a fair trial. We affirm.
During these long-drawn out, heated proceedings, the attorneys for both sides conducted themselves more like fight fans than officers of supposedly dignified courts. Accordingly, first instincts urge us to reverse this cause even though plaintiff's counsel may have given as good as he got and may have instigated this "Donnybrook" as appellee characterizes it. For example, Plaintiff's counsel ridiculed involved Cuban physicians by mimicking Spanish accents, engaged in innumerable golden rule arguments and suggested that the defendant hospital was a "zoo" which "... didn't care about anything except [its] bill, ... to heck with the patient." Moreover, the physician was depicted as one "who needed money more than [the patient] needed her uterus."
Other samples abound in counsel for the plaintiffs performance, thus when it came the turn of counsel for the defense, he came back strong, during closing argument. He referred to the art of contingent fee representation of injured plaintiffs as "... the personal injury industry... . A whole trade group ... of lawyers, doctors, economists [created] to come into court and sue people." He chastised the plaintiffs and their attorneys as "just hunting anyone with some kind of assets to pay off these people and these lawyers... . Everyone of them having an ax to grind to build a law suit." He also referred to the plaintiff's medical witnesses as "hired mercenaries." There was more, much more, yet only one minor objection was lodged and no motions for a mistrial were made.
This low level of behavior was not lost on the trial judge, for when the jury verdict found the hospital free of negligence, he said in denying the motion for a new trial:
The closing argument of the attorney for the ... hospital ... was so prejudicial that it could not have been cured by an instruction by the court. However, the plaintiffs' attorney in his final reply argument made an adequate response and this court felt that most of the improper argument had been neutralized.
Seizing on this wording, the appellants correctly cite Akin v. State, 86 Fla. 564, 98 So. 609 (1923) for the proposition that:
The law seems to be well settled that it is the duty of the trial judge, whether requested or not, to check improper remarks of counsel to the jury, and to seek by proper instructions to the jury to remove any prejudicial effect they may be calculated to have against the opposite party. A verdict will not be set aside by an appellate court because of such remarks or because of any omission of the judge to perform his duty in the matter, unless objection be made at the time of their utterance. This rule is subject to the exception that, if the improper remarks are of such character that neither rebuke or retraction may entirely destroy their sinister influence, in such event a new trial should be awarded regardless of the want of objection or exception. at page 612 (emphasis supplied)
We are required to follow the dictates of our Supreme Court and in view of the trial judge's remarks that the comments were too prejudicial to be capable of cure, it would appear at first blush that the case at bar comes within the Akin exception requiring reversal. However we note the Akin holding was in reality based on a misstating of the evidence rather than intemperate *590 remarks. More important, the appellant's attorney invited this admittedly highly improper counterattack by gross conduct of his own. As such, we do not believe he should now profit from his own improprieties just because his opponent surpassed him in a display of venom and virulence. We have little doubt that had the verdict been for the plaintiffs, then the defense would now be appealing on exactly the same grounds as has been adopted here by the plaintiffs, that is, improper conduct by opposing counsel. We would, in such event, be equally unsympathetic.
In summation, we quote from another recent decision from our court, Nelson v. Reliance Insurance Company, case number 77-702, Opinion issued September 13, 1978, as follows:
We perceive very few instances where remarks by an attorney are of such sinister influence as to constitute reversible error, absent objection. Le Retilley v. Harris, 354 So.2d 1213 (Fla.4th DCA 1978). Few, if any, objections were lodged about the improper remarks made by defense counsel during closing argument in this case although such remarks [are] numerous[, and no motion for a mistrial was made].
We [take note of] an increasing tendency, by the trial bar, to permit the noble art of trial practice to degenerate into a freefor-all. See Seguin v. Hauser Motor Company, 350 So.2d 1089 (Fla.4th DCA 1978). However while all judges are required by judicial dictates to exercise control over a trial, absent proper objections, neither trial, nor appellate judges can be expected to take on the role of school teachers, continually correcting argument or comment unobjected to by opposing counsel.
We view, with some skepticism, appellant's agonized cries that comment by opposing counsel below, deprived him of a fair and impartial trial, when not so much as an objection was deemed necessary upon the occasion of the supposedly fatal utterances. We must assume that silence from experienced counsel is a judgment play predicated on his or her concept of how the trial is going. As such the failure to object constitutes intentional trial tactics, mistakes of which are not to be corrected on appeal simply because they backfired, save in the most rare of circumstances, Haist v. Scarp, 351 So.2d 1120 (Fla.4th DCA 1977). But see Akin v. State, 86 Fla. 564, 98 So. 609, 612 (1923).
AFFIRMED.
CROSS and MOORE, JJ., concur.