414 So.2d 620 (1982)
CITY OF MIAMI BEACH and Florida Insurance Guaranty Association, Inc., Appellants,
v.
Lee KLEIN and Mercedes A. Cruz, Appellees.
Nos. 80-2342, 80-2343.
District Court of Appeal of Florida, Third District.
June 1, 1982.
Joe N. Unger, Preddy, Kutner & Hardy, Miami, for appellants.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Brumer, Cohen, Logan & Kandell, Philip Freidin, Miami, for appellees.
Before BARKDULL, SCHWARTZ and JORGENSON, JJ.
PER CURIAM.
The single issue on this appeal is whether the trial judge erred in refusing to grant a motion for new trial following a jury verdict for the plaintiff. During the trial, the jury received certain evidence which originated from a Miami Beach Police Department Internal Affairs file which was never introduced in evidence. The City of Miami Beach, defendant below, appellant here, claims that irreparable prejudice resulted from the disclosures. We conclude that no reversible error is demonstrated on this record and, accordingly, affirm.
The existence of the file and reference to its contents were first brought out by the defendant during plaintiff's case in chief. Subsequent reference to the file in question was made by both sides and, in fact, portions of its contents were received in evidence.[1] Since the use of testimony was originally initiated by the defense and the fact that the officers were subsequently exonerated by the City of Miami Beach's personnel board was brought out by the defense, the plaintiff's revelation that the officers were charged in a disciplinary proceeding and the basis for those charges can hardly be characterized as prejudicial. The trial court's determination that the defense had "opened the door" was proper. Oliver v. Haspil, 152 So.2d 758, 760 n. 2 (Fla. 3d DCA 1963). See also McKinney Supply Company v. Orovitz, 96 So.2d 209 (Fla. 1957); Behar v. Southeast Banks Trust Company, N.A., 374 So.2d 572 (Fla. 3d DCA 1979); Clay v. Thomas, 363 So.2d 588 (Fla. 4th DCA 1978).
Affirmed.
NOTES
[1] No motion in limine regarding the internal review file or reference to testimony which occurred at the personnel board hearing was made by either party.