Commonwealth *v.* Cushard, Appellant.

Argued November 17, 1956. Before RHODES, P. J., HIRT, GUNTHER, and CARR, JJ. (WRIGHT, WOODSIDE, and ERVIN, JJ., absent).

*Allen N. Brunwasser,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, and *Walter W. Riehl,* for appellee.

OPINION BY GUNTHER, J., June 11, 1957:

This is an appeal by Edgar M. Cushard from the judgment and order of the Court of Quarter Sessions of Allegheny County.

The prosecution was instituted by Anna K. Gardner by filing an information against appellant charging him with threatening to do her bodily harm. After hearing before the Justice of the Peace, appellant was bound over to court. In the Quarter Sessions Court, he was found guilty and ordered to post a surety bond.

The statutes under which the proceeding was instituted provide as follows:

"If any person shall threaten the person of another to wound, kill or destroy him, or do him any harm in person or estate, and the person threatened shall appear before a justice of the peace, and attest, on oath or affirmation, that he believes that by such threatening he is in danger of being hurt in body or estate, such person so threatening as aforesaid shall be bound over, with one sufficient surety, to appear at the next sessions, according to law, and in the meantime to be

of his good behavior, and keep the peace towards all citizens of this commonwealth. If any person, not being an officer on duty in the military or naval service of the state or of the United States, shall go armed with a dirk, dagger, sword or pistol, or other offensive or dangerous weapon, without reasonable cause to fear an assault or other injury or violence to his family, person or property, he may, on complaint of any person having reasonable cause to fear a breach of the peace therefrom, be required to find surety of the peace as aforesaid." Act of 1860, March 31, P. L. 427, section 6, 19 P.S. section 23.

"In all cases of surety of the peace, the justice of the peace before whom such case is instituted shall, before he binds any one over to the next term of the court of quarter sessions and in the meantime to keep the peace, upon the oath of another, as provided by section six of the act of March thirty-one, one thousand eight hundred and sixty (Pamphlet Laws, four hundred and twenty-seven), enter into a full hearing and investigation of the facts; and shall only bind over the defendant when the evidence shows, to the satisfaction of the justice, that the prosecutor's or prosecutrix's danger of being hurt in body or estate is actual, and that the hurt in body or estate is actual, and that the threats were made by the defendant maliciously and with intent to do harm." Act of 1909, March 18, P. L. 42, sec. 1, 19 P.S. section 24.

The charge is based on a telephone call. Prosecutrix testified that defendant not only identified himself but that she recognized his voice. He then stated to her "that he would get me". She further testified that she was put in fear by the threat because of the knowledge that defendant had beaten his wife and that she was afraid she would get similar treatment. The fact, however, that the threat was made over the tele-

phone is nevertheless admissible so long as the identity of the person is established with reasonable certainty. *Pennsylvania Trust Company v. Ghriest,* 86 Pa. Superior Ct. 71.

The difficulties between the parties centered around the fact that the prosecutrix was accused of placing the defendant's wife into Mayview Hospital and that she allegedly interfered with his home life. The evidence disclosed that the defendant told the prosecutrix to stay away from his home and that he didn't want to have anything to do with her. The defendant further testified that as a result of the difficulties between him and the prosecutrix he was arrested on two different occasions.

Appellant contends that under the record he was not afforded an opportunity to be heard; that the case lacked adequate attributes of a judicial determination and that the evidence as disclosed by the record does not come within the prohibition of the statute.

If the expression is given the unequivocal interpretation that it is a threat to do bodily harm, then the defendant's contention as to unconstitutionality of the acts is without merit. Where there is a malicious intent to do harm and the prosecutrix is put in fear of her safety, the law does not require an actual assault before affording protection. A statutory peace bond may be required of the defendant upon complaint of a third person that the defendant has threatened the person or property of the complainant.

Where a defendant is tried before a judge without a jury, the findings of fact of the trial judge are as binding as the verdict of a jury, even though the Appellate Court independently may not have made the same findings. *Commonwealth v. Matteo,* 130 Pa. Superior Ct. 524, 197 A. 787. Where the evidence is clear, the court under general authority to preserve

the peace has a right to require a surety bond for such time as it would answer the ends of the public justice.

If the expression or term, "I'll get you," together with the background circumstances under which such statement was made, can be ascertained to mean bodily harm within the meaning of the statute, the conviction must stand. The court below had full opportunity of weighing the credibility of the witnesses, their demeanor, and the intent of the statement. Having found that such a statement was made maliciously and with intent to do bodily harm, this finding should not be disturbed unless there is no basis for such finding. The record contains facts from which it may well be inferred that bodily harm was intended. While the term "I'll get you" may admit to several meanings, yet when considered with the background circumstances, the apparent animosity of the defendant toward the prosecutrix, fairly leads to the conclusion that it was not intended merely as a friendly gesture.

A reading of the testimony convinces us that the court did not stop the cross-examination but that counsel for defendant demurred to the evidence. The court then overruled the demurrer and stated it desired to hear from the defendant. When the examination of the defendant went into the field of irrelevancy, the court limited such testimony and stated it had heard enough.

In support of the other contention of the appellant, counsel relies on *Commonwealth v. Franklin*, 172 Pa. Superior Ct. 152, 92 A. 2d 272. An examination of the facts in that case, however, shows an important distinction between that case and the instant one. In the former, the decision is based upon the principle that a surety bond cannot be required after the defendant is acquitted. We there held that a person committed in default of entry of surety after acquittal was

being punished without trial. Here the defendant was charged, tried and convicted.

The Act of 1909, supra, was passed expressly for the purpose of qualifying the Act of 1860, by establishing a standard under which the Act of 1860 should operate. This standard established that the complaining party's danger of being hurt in body or estate be actual and that the threats made be malicious and with intent to do harm. The standard created is a reasonable one and one may choose in advance what course of conduct is lawful to pursue. We, therefore, hold that the Acts in question are constitutional.

Judgment is affirmed.