## Commonwealth v. Hotschewar

*Harry P. Creveling*, for Commonwealth.
*Linn H. Shantz*, for defendant.

KOCH, J., July 5, 1960.—Defendant in this case was arrested on a charge of surety of the peace. The matter was returned to the court of quarter sessions and heard by us on February 26, 1960. When the case was called and the parties sworn, counsel for defendant moved that the proceedings be quashed on the sole ground that the alderman's transcript failed to show compliance with the Act of March 18, 1909, P. L. 42, sec. 3, 19 PS §26, which provides as follows:

"It shall be the duty of the justice of the peace, who has entertained a complaint in a surety of the peace

case, to afford an opportunity and to suggest to the parties the propriety of compromising their differences before entering into a hearing."

The transcript contains this provision: "Note: No compromise could be reached between both parties. Whereupon, it appearing to me that a prima facie case has been made out, the said defendant is bound over under bail on the 10th day of Sept., 1959 for the next term of the Court of Quarter Sessions and Oyer and Terminer."

We overruled the motion and, after hearing the testimony, ordered defendant to pay the costs of prosecution in four equal monthly installments and to enter into her own recognizance in the sum of $500 to keep the peace especially as to the prosecutrix, Nancy Snyder.

At the conclusion of the hearing, defendant moved in arrest of judgment and now assigns the following reasons: (1) That the court erred in refusing to sustain defendant's demurrer to the evidence, and (2) That the court erred in refusing to discharge defendant.

Unfortunately, defendant did not request that a record of the testimony be made and consequently we are unable to make a careful analysis of the testimony. Suffice it to say, however, that the prosecutrix testified that defendant threatened to disfigure her by throwing acid and that she was in fear that the threat would be carried out. Our recollection is that the credible testimony clearly established the elements of the offense as set out in the Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 6, 19 PS §23. In Commonwealth v. Cushard, 184 Pa. Superior Ct. 193, Judge Gunther said: "Where the evidence is clear, the court under general authority to preserve the peace has a right to require a surety bond for such time as it would answer the ends of the public justice."

In support of defendant's position that the transcript is insufficient, the only matter pressed at argument and in the brief concerns the question of the above-quoted portion of the transcript.

We are of the opinion that, while the transcript might have been drawn with greater accuracy, the words "no compromise could be reached" is certainly indicative that the propriety of compromise was suggested and that the parties had a discussion relative to it. Moreover, since the legislation imposes a positive duty upon the magistrate, we must recall the familiar principle that there is a presumption that public officers have properly discharged the duties of their office and have faithfully performed those matters with which they are charged: 43 Am. Jur., Public Officers, §511.

Defendant has directed our attention to Commonwealth v. Rice, 8 D. & C. 295. In that case, however, the transcript made no reference whatsoever to the matter of compromise. Here, there is a definite statement concerning compromise and a reasonable interpretation of the words used persuades us that the duty imposed on the magistrate was fulfilled.

The record indicates that defendant has already complied with that portion of the sentence directing her to enter her own bond in the amount of $500. Since we conclude that the motion in arrest of judgment must be denied, our order will direct defendant to comply with that portion of the sentence dealing with costs.

### Order

Now, July 5, 1960, defendant's motion in arrest of judgment is denied, and defendant is ordered to pay the costs of prosecution in four equal monthly installments, the first installment to be paid on or before July 15, 1960.